ALICE PIERSON, Respondent, v. JACOB MORCH, Appellant.

Where an advertisement is published offering a reward for information in respect to or for a return of lost property, an acceptance of it by any person who is able to give the information asked, or to return the property creates a valid contract; and on compliance with its terms an action is maintainable to recover the reward offered.

(Argued October 15, 1880; decided November 9, 1880.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover the amount of a reward offered by defendant in the following advertisement published by him in a New York paper:

"$500 REWARD.— A package of 4 pairs diamond earrings, 2 gold chains, and other jewelry, on the train arriving at 6 P. M., between Jamaica, Bushwick and Hunter's Point. The finder will receive the above reward by leaving or sending his address.

JACOB MORCH."

The complaint alleged that plaintiff found the package, notified the defendant and delivered the package to him upon his promise to pay the reward offered.

The facts are sufficiently stated in the opinion.

*A. H. Dailey* for appellant. There was no valid consideration for the promised reward upon which defendant could be held. (*Fitch* v. *Snedaker*, 38 N. Y. 248.)

*C. L. Lyon* for respondent. One who offers a specified reward for the recovery of lost property is bound to pay it on the return of the property pursuant to the offer. (*Grady* v. *Crook*, 2 Abb. [N. S.] 53.) Defendant having waived full performance of the condition contained in the published notice offering the reward, promised to, and did accept part performance. To support this waiver and subsequent or new promise, no new consideration is necessary or required. (*Prentice* v. *Knickerbocker Ins. Co.*, 77 N. Y. 483.)

DANFORTH, J. The publication of an advertisement offering a reward for information respecting a loss, or the return of lost property, is a general offer, and the acceptance of it by any person who is able to give the information asked, or to return the property, creates a valid contract. This was substantially the offer in this case, although the exact promise is, that "the finder will receive the reward by leaving or sending his address" to the owner of the property described, at either one of two places named ; but there seems to have been a compliance even with this condition, for the plaintiff says, she "sent for Mr. Morch to his house on Sunday evening, about ten o'clock,

and in response to that message, he came and received the package." As to this there is no dispute. But, whether the plaintiff brought herself within its terms was a question for the jury, and the answer given by their verdict cannot be reviewed here. It was, however, made the subject of comment during the trial, that when the package was returned to the defendant, it did not contain all the property described. At first earrings, and then a ring, were declared to be missing. At the close of the plaintiff's case, the defendant's counsel moved to dismiss the complaint upon the grounds: *First,* that there was no valid consideration for the promise made by the defendant for the return of the property; and, *second,* that it was made upon the presumption that he was to get back his property. This motion being denied at the close of the defendant's case, it was again made upon the same grounds, and this in addition "that it appeared from the defendant's testimony, that the articles were all in there," (the package) "and that no promise was made by him after he discovered the additional loss of the ring."

The promise here referred to is not, I suppose, that embodied in the advertisement, but a subsequent promise alleged in the complaint, and of which also proof was given. The court did not err, therefore, in refusing the defendant's motion, for the offer of reward was still before the jury, and in regard to the other promise, the court charged that they must disregard it as one made without consideration. But, in a manner most favorable to the defendant, the learned trial judge told them to answer upon the evidence, "whether the property that was lost was all returned." If not, that the verdict must be for the defendant, and left it with them to say whether the respondent did return what she found. To this charge there was no exception. It was also claimed that the plaintiff was not a finder in good faith, and this upon the ground that she made no inquiries before leaving the cars, either of the passengers or the conductor or other agents of the road. These were circumstances for the consideration of the jury, and with others relating to her conduct, were before them. In view of all these

facts the trial judge charged, that, unless she acted in good faith in taking and carrying away the package, supposing it was, in fact, a lost package, and without concealing, or attempting to conceal any thing, she was not entitled to recover.

The case was a very close one. Under the circumstances the jury might have found that the plaintiff was moved by a dishonest intention to take and carry away the property ; there would then have been a trespass, or larceny ; but no want of care or earnestness, or even an entire omission of inquiry would necessarily give to that act such a quality. If the plaintiff really found and took possession of the goods, believing them to be lost, and with a purpose to preserve and return them if possible to the owner, she was in condition to claim the reward, upon complying with its terms. The jury have taken a charitable view of her conduct and inferred from it a lawful purpose. It cannot be said that there was no evidence to justify such an inference. The exceptions taken during the trial suggest no error, and the judgment should, therefore, be affirmed.

All concur, except FINCH, J., dissenting, and FOLGER, Ch. J., and RAPALLO, J., not voting.

Judgment affirmed.