MONTGOMERY WARD AND COMPANY *vs.* MARY E. JOHNSON.

Worcester. March 20, 21, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Contract*, What constitutes.

A printed circular letter sent by a manufacturer of a certain kind of revolvers to a jobber in the trade, setting forth the terms and conditions upon which orders for the revolvers will be filled, is not an offer that can be accepted by a reply ordering a certain number of the revolvers, but is only an announcement that the manufacturer will receive proposals for sales on the terms and conditions stated, which when received may be accepted or rejected. Accordingly such an order before its acceptance by the manufacturer creates no contract.

BILL IN EQUITY, filed in the Supreme Judicial Court on November 18, 1910, by a corporation engaged in the business of purchasing from manufacturers and selling to consumers all kinds of merchandise on mail orders upon the terms named in its catalogues, against an individual doing business under the name of Iver Johnson's Arms and Cycle Works and manufacturing and selling firearms, revolvers, guns and other articles used by sportsmen, setting forth, as described in the opinion, an alleged contract made by an acceptance by the plaintiff of an alleged offer of the defendant to sell to the plaintiff certain revolvers on certain terms upon which they were ordered by the plaintiff, and praying, first, for a decree for the specific performance of the contract, second, for an injunction restraining the defendant from announcing that she did not deal with mail or catalogue houses, third, for a temporary injunction, and, fourth, for other relief.

The defendant demurred to the bill, assigning, among other causes for demurrer, the ground that the allegations of the bill set forth no contract between the plaintiff and the defendant.

The case was heard by *Hammond*, J., who sustained the demurrer and made a final decree that the bill be dismissed. The plaintiff appealed.

*C. F. Choate, Jr., G. P. Merrick* (of Illinois), *& R. W. Hale*, for the plaintiff.

*H. Parker*, (*H. H. Fuller* with him,) for the defendant.

BRALEY, J.   The essential allegations of the bill are admitted by the demurrer, but if they fail to show a binding contract between the parties, the bill cannot be maintained for specific performance or injunctive relief.   The defendant manufactured and sold firearms of certain types, which had acquired in the market a recognized reputation for their quality and style of workmanship.   In the management of the business sales were made only to jobbers, who were to resell to their customers at a uniform price.   But, having received complaints that the scale of prices in some instances had not been followed, she issued a printed letter, which after reciting the cause of its publication, and that " we have prepared, and are sending under this cover by registry post a printed document setting forth the terms and conditions upon which Iver Johnson revolvers will be supplied to the jobbing trade," contained the statement, that " hereafter no order will be filled except upon the terms set forth in the enclosed document: therefore, please read it carefully, for we are going to ask your support and co-operation."   The plaintiff apparently was a customer of the defendant, and, having received the letter, alleges, that it was " a certain offer in writing to make a contract," the terms and conditions of which were expressed in the accompanying document.   It is then alleged, that " intending to accept said contract, and to cause that the defendant should be bound by said acceptance, and that the parties should be mutually bound thereby," the plaintiff transmitted to the defendant an order for revolvers, but there is no allegation that this purpose was communicated to her or that the order was accepted with this understanding.   The plaintiff relies on these transactions as constituting a bilateral contract.   But, if the letter and document are examined in connection with the recitals, they were not in the nature of a general offer, where upon compliance with the conditions by those to whom it is addressed a legally binding contract at once springs into existence.   The defendant promulgated the terms under which she proposed to do business in the future, not with the plaintiff only, but with the members of the jobbing trade, who were to be treated as licensees, as if they would agree to abide by them. It is expressly announced in the seventh paragraph of the document, that the defendant does not undertake to furnish, or to be

responsible for a failure to deliver goods which may be ordered, and the words, "that it can be revoked, without liability for damages, by thirty days' written notice to date from the actual mailing of the notice," refers to the license to deal in the defendant's product, with a discontinuance of all business relations. "A contract is an agreement which creates an obligation," said Mr. Justice Field in *Ashcroft* v. *Butterworth*, 136 Mass. 511, 514. And an invitation to prospective buyers to negotiate for a license, and to trade with the defendant, even when confined to a definite class, imposes no obligation on the sender of accepting any offer which thereafter might be received. The order of the prospective buyer does not ripen into a contract of sale until the defendant's acceptance, and then only as to goods specifically ordered. *Smith* v. *Gowdy*, 8 Allen, 566. *Lincoln* v. *Erie Preserving Co.* 132 Mass. 129. *Edge Moor Bridge Works* v. *Bristol*, 170 Mass. 528. *Moulton* v. *Kershaw*, 59 Wis. 316. *Spencer* v. *Harding*, L. R. 5 C. P. 561. *Canning* v. *Farquhar*, 16 Q. B. D. 727, 732.

We are of opinion that a fair interpretation of the letter, and document, very plainly shows that it was not a general offer to sell to those addressed, but an announcement, or invitation, that the defendant would receive proposals for sales on the terms and conditions stated, which she might accept or reject at her option. No contract between the parties having been created, the defendant's refusal to accept and fill the plaintiff's orders, as alleged in the bill, was not an actionable wrong, and the further questions of a breach, and the measure and form of relief, and whether the contract was legally terminated by the notice, become immaterial and need not be discussed.

The decree of the single justice sustaining the demurrer and dismissing the bill must be affirmed with costs.

*Decree accordingly.*