# Barnes *v.* Marshall.

## *Assumpsit.*

(Decided June 3, 1915.   Rehearing denied June 30, 1915.
69 South. 436.)

1. *Insurance; Contract of Agent; Construction.*—Under a contract whereby a general insurance agent appointed a sub-agent to solicit applications and to collect the first premiums thereon, and remit in cash to the general agent, with full information as to why any policy has not been delivered, otherwise to be liable for the agent's part of the annual premium thereon, the sub-agent became indebted to the general agent as for money received to his account for the full amount of the general agent's proportion of the premiums on all policies sold by the sub-agent and confirmed and issued by the insurance company.

2. *Assumpsit; Common Counts; Recovery.*—Under the common counts a general insurance agent could recover of his sub-agent all that was due him under the evidence, where nothing remained to be done under the contract except the payment to the agent of certain liquidated sums of money.

3. *Appeal and Error; Harmless Error; Pleading.*—Where plaintiff could recover under the common count in his complaint, any error in overruling demurrers to defective special counts of the complaint was harmless in view of Supreme Court Rule 45.

4. *Evidence; Best and Secondary.*—Where the action was assumpsit by the general insurance agent to recover of his sub-agent his

[Barnes v. Marshall.]

proportion of the premiums due on policies sold by the sub-agent and accepted and issued by the insurer, it was not necessary for such general agent to produce the policies themselves, or to account for their absence, in proving what kind and how many policies had been sold, as for the admission of secondary evidence, since the evidence was merely descriptive of and identifying the things sold, and not proving the contents of written instruments.

5. *Insurance; Accounting by Sub-Agent; Estoppel.*—Where a general insurance agent denied the right of his sub-agent to collect premium notes and assumed to collect them directly from the policy-holders, with the sub-agent's consent, such general agent was estopped from treating them as if collected by the sub-agent, and charging him therewith, in an action against the sub-agent to recover his part of such premium.

6. *Same; Right to Set-Off.*—In such a case, the sub-agent could not make the general agent's interference the basis of a claim for damages by way of set-off, the sub-agent having consented to such interference.

7. *Set-Off and Counterclaim; Subject Matter; Damages.*—An action for malicious prosecution sounds in damages merely and is not available as a set-off under section 5858, Code 1907; and such restriction cannot be evaded by claiming and showing as liquidated damages attorney's fees incurred by the defendant in defending himself against such malicious prosecution.

8. *Estoppel; Pleading.*—While an estoppel is not available unless specially pleaded, yet a sub-agent being sued to recover the general agent's part of the first annual premiums on policies sold by the sub-agent, who pleaded in short by consent the general issue, with leave to give in evidence any matter that could be specially pleaded, might set up an estoppel against the agent's right to recover part of such premium.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by Vivian H. Marshall against Jesse W. Barnes. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The plaintiff was general agent for a life insurance company, and employed the defendant as his agent to solicit the application for insurance policies. The contract was in writing, and the provisions pertinent to this appeal are as follows: The first party does hereby appoint the second party his agent for the purpose of procuring insurance applications for the State Mutual Life Insurance Company, Rome, Ga., and to col-

lect therefor on blanks furnished by the party, and to receipt therefor on blanks furnished by the party, and to transmit such written applications to the home office of the State Mutual Life Insurance Company, Rome, Ga., for approval or rejection. The first party's portion of the premiums collected by the second party shall be promptly remitted to the first party, with full information as to why the policy has not been delivered; otherwise, the second party shall, upon demand of the first party, forthwith pay to it his portion of the annual premium thereon. The second party shall not deliver a policy where demand for its return has been made by the first party before delivery. The first party's proportion of all premiums shall be paid in cash, and the second party shall in no case make use of the first party's portion of any premium, but shall remit the same as herein provided.

The contract also contains a schedule showing commissions allowed on premiums, ranging from 40 to 65 per cent., according to the terms and character of the policy. The defendant worked under this contract for one or two months, and procured a considerable number of applications for policies, most of which were accepted and the policies duly issued and delivered. With a few exceptions only, the premiums for these policies were collected by the defendant in the shape of promissory notes, payable to himself, and at various dates between March 1st and November 1st; and for the most part these notes remained uncollected when this suit was brought.

The complaint is in nine counts. The defendant pleaded the general issue, and in short, by consent, a set-off and recoupment. It was shown that the plaintiff, after the defendant had failed to pay to him his

part of the premiums, wrote letters to all of the note makers directing that they pay the premiums directly to him, and not to the defendant, under penalty of losing their policy, and that defendant acquiesced in that demand. In support of the recoupment, defendant offered to show his acquittal of certain prosecutions of himself by plaintiff, and the damages accruing therefrom, especially counsel fees paid in his defense. Evidence of these was excluded by the trial court. The evidence as to the amount of premiums taken under this contract was conflicting, and the jury found for the plaintiff in the sum of $1,309.41. The trial judge instructed the jury to find for the plaintiff, and further that the defendant was not entitled to recover on his plea of set-off. Among others, the following charge was refused to the defendant: "In no event would the defendant be liable for any amounts except plaintiff's share of premiums actually collected by defendant, and not accounted for to plaintiff by the defendant."

The other matters sufficiently appear.

W. H. ALBRITTON, and J. M. PRESTWOOD, for appellant.

S. H. GILLIS, and A. R. POWELL, for appellee.

SOMERVILLE, J.—(1) Under the terms of the written contract between plaintiff and defendant, and in harmony with their mutual conduct thereunder, it is clear that defendant was originally bound to collect the first premiums on all policies sold by him in cash, and remit to plaintiff his portion thereof, or else, if defendant accepted notes in lieu of cash, he was bound to himself settle with plaintiff by cash payments with

reasonable promptness. The result, of course, is that, so far as plaintiff's claims are concerned, defendant became indebted to plaintiff, as for money had and received to his use, or by account, for the full amount of plaintiff's proportion of the premiums on all policies sold by defendant and confirmed and issued by the insurance company.

(2, 3) Under the common counts of the complaint, nothing remaining to be done under the contract except the payment to plaintiff by defendant of certain liquidated sums of money, plaintiff could recover all that was due him under the evidence.—*Stafford v. Sibley,* 106 Ala. 189, 17 South. 324. This being true, and the only issue under the complaint being as to the amount thus due, prejudicial error cannot be imputed to the action of the trial court in overruling demurrers to several special counts of the complaint which imperfectly set up the contract, especially as these claimed no more than plaintiff's share of the premiums.— Practice Rules 45 (175 Ala. xxi, 61 South. ix.)

(4) In proving how many and what character of policies had been sold by defendant, it was not necessary for plaintiff to produce the policies themselves or to account for their absence, as for the admission of secondary evidence. This was not proving the contents of written instruments, but merely describing and identifying the things sold, and the rule of primariness does not apply.—17 Cyc. 494: ' With respect to documents not the foundation of the action, a distinction has been drawn between proving their contents and showing merely their subject; it being held that the subject of such documents may be shown by parol evidence without producing the originals or accounting for their absence.''—17 Cyc. 509, citing numerous cases.

[Barnes v. Marshall.]

Moreover, there was in fact no dispute as to the existence and character of these policies.

(5,6) Whatever may have been the rights of plaintiff and the liability of defendant under the contract as originally understood, we think it is quite clear that plaintiff's subsequent denial of defendant's right to collect the notes, and his own assumption of the collection of the premiums directly from the policy holders, which was expressly assented to by defendant in his letter of August 17, 1909, estops plaintiff from now treating those premiums as if collected by defendant and charging him therewith. This is not a matter of set-off, but directly affects the amount which plaintiff is entitled to recover. On the clearest principles of justice and fair dealing, plaintiff could not interdict the payment of the premium notes to defendant, and at the same time hold him responsible as for money already collected for the use of plaintiff. The result of that action must be to relieve defendant of his former liability, except for premiums actually collected by him, and we think the trial judge erred in refusing to instruct the jury to that effect, as requested by defendant in charge Z. On this theory of the case, it is obvious that defendant, having consented to plaintiff's interference, cannot now make it the basis of a claim for damages by way of set-off.

(7) An action for malicious prosecution sounds in damages merely, and it is not available as a set-off under our statutes.—Code, § 5858. Defendant here seeks to evade this rule by claiming and showing a single specific item of damage which is exactly ascertainable, and therefore liquidated in character, viz., attorney's fees incurred by him in defending himself against the alleged malicious prosecutions. It has been expressly

ruled, however, that the restriction of the statute cannot be thus avoided.—*Walker v. McCoy*, 34 Ala. 659; *Nelms v. Hill*, 85 Ala. 583, 5 South. 344. The jury were properly instructed that defendant could not recover on his plea of set-off.

Several minor questions of evidence need not be noticed. For the error indicated above, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

### ON REHEARING.

SOMERVILLE, J.—(8) The point is raised that estoppel is not available unless specially pleaded. This is the rule, of course; but counsel overlook the fact, which is shown by the record, that the defendant pleaded "in short, by consent, the general issue, with leave to give in evidence any matter that could be specially pleaded." We have not held that the plaintiff is estopped from any recovery for breach of the contract sued on, but only that he cannot treat the premium notes as money in the hands of the defendant. He may, of course, have other grounds of action than the defendant's failure to pay over money on hand; and it would seem that he has an equitable interest in the premium notes themselves.

The charge referred to in the opinion was designated as "Y," instead of "Z," by a typographical error, which has been corrected.