### 12487. GEORGIAN COMPANY v. BLOOM.

A general advertisement in a newspaper for the sale of goods is a mere invitation to enter into a bargain, and is not an offer.
DECIDED OCTOBER 7, 1921.

Certiorari; from Fulton superior court — Judge George L. Bell. April 8, 1921.

The Georgian Company sued Jennie Bloom in the municipal court of Atlanta upon an open account for certain advertisements printed in a newspaper published by the company. The defendant filed a counterclaim, alleging that the plaintiff was indebted to the defendant; "that on June 9th, 1920, she being in the ladies' ready-to-wear business, including the selling of furs, contracted with plaintiff to run an advertisement on that date as follows: 'Special in furs. Large animal scarfs, taupe, brown and black, satin lined into brush. For three days only. Special price $15.00,' the said advertisement to be run in plaintiff's newspaper. Plaintiff, in running said advertisement, did not carry out its contract with defendant and insert the advertisement that she furnished them, but inserted the advertisement as follows: 'Special in furs. Large animal scarfs, taupe, brown and black satin lined into long brush. For three days only. Special price $5.00.' The advertisement as inserted made the difference $10.00 less in price than the advertisement which defendant furnished them and contracted with plaintiff to furnish. Defendant, because of said wrongful advertisement, says she was compelled to sell 48 of said scarfs at a loss of $10.00 each; that is, she was compelled to sell them at $5.00 instead of $15.00 to customers and persons who accepted her offer as made in said advertise-

ment.  Defendant says that, by reason of said advertisement published by plaintiff, she incurred a loss of $480.00.  Plaintiff well knew that the purpose of said advertisement was to sell said scarfs at $15.00, but, instead of putting $15.00 in the advertisement, plaintiff advertised at $5.00 as aforesaid.  Wherefore defendant prays judgment against plaintiff for said sum of $480.00."  It was admitted by counsel for the defendant that the account of the newspaper company sued upon was correct, subject, however, to the defendant's counterclaim.  On the trial in the municipal court the judge struck the counterclaim as being invalid, and a verdict and judgment were rendered for the plaintiff for the amount of the account.  The defendant carried the case to the superior court by writ of certiorari, and the judge of the superior court, after a hearing thereon, passed an order sustaining the certiorari and ordered a new trial.  The case is before this court on exceptions to this order of the judge of the superior court.

*Rosser, Slaton, Phillips & Hopkins, James J. Slaton,* for plaintiff.

*Lowndes Calhoun, J. H. Leavitt,* for defendant.

HILL, J.  (After stating the foregoing facts.)  A general advertisement in a newspaper for the sale of an indefinite quantity of goods is a mere invitation to enter into a bargain, rather than an offer.  "A business advertisement published in newspapers and circulars sent out by mail or distributed by hand, stating that the advertiser has a certain quantity or quality of goods which he wants to dispose of at certain prices, are not offers which become contracts as soon as any person to whose notice they might come signifies his acceptance by notifying the other that he will take a certain quantity of them.  They are mere invitations to all persons who may read them that the advertiser is ready to receive offers for the goods at the price stated."  13 C. J. 289, § 97.  "If goods are advertised for sale at a certain price . . . the construction is rather favored that such advertisement is a mere invitation to enter into a bargain, rather than an offer."  1 Williston on Contracts, § 27.  In the instant case the advertisement which is the basis of the counterclaim specified no definite quantity of the furs for sale, though there was a more or less indefinite description of the qualities of the goods.  The first essential of a sale is that there must be " an

identification .of the thing sold." Civil Code (1910), § 4105. To consummate a contract there must be "a meeting of minds." There was no merit in the counterclaim·filed by the defendant in the municipal court, and .the judge of that court committed no error in striking it and entering up judgment for the plaintiff. He had a right to do so at the trial term of the court, and the judge of the superior court erred in sustaining the certiorari and ordering a new trial.

*Judgment reversed. (Jenkins, P. J., and Stephens, J., concur.)*