CHARLES H. LOVETT, Plaintiff, *v.* FREDERICK LOESER & Co., INC., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Fifth District,
December 22, 1924.

Sales — action for alleged breach of defendant's contract to sell radio sets — alleged offer contained in defendant's advertisement did not ripen into contract by defendant's acceptance — complaint fails to state cause of action.

In an action for an alleged breach of defendant's contract to sell radio sets, the complaint fails to state a cause of action where it alleges that the defendant, a department store, advertised that it would sell and deliver "Widely known standard makes of radio receivers at 25 per cent to 50 per cent reduction;" that the advertisement then continued: "Your choice, complete with batteries, tubes, phones and installed all ready to operate $22.50 to $225.00;" that among the sets thus advertised were the Radiola, Crosley, Deforest and others; that the plaintiff offered to buy two "D — 12 Reflex Radiophone Receiving Sets;" that thereupon he unconditionally accepted the defendant's offer to sell said sets and tendered his certified check for the amount of the list price less 25 per cent; and it appears that neither the set demanded by plaintiff nor any other specific model is mentioned in the advertisement or that the amount tendered by the plaintiff was the price at which the defendant was willing to sell.

The defendant's advertisement is nothing but an invitation to enter into negotiations and is not an offer which may be turned into a contract by a person who signifies his intention to purchase some of the articles mentioned.

Moreover, even assuming that the defendant's offer became a contract through the plaintiff's acceptance, the plaintiff has failed to state a cause of action.

**6**

MOTION by defendant for judgment on the pleadings dismissing the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Barker D. Leich [Charles H. Lovett of counsel], for the plaintiff.*

*Cullen & Dykman [Jackson A. Dykman and Walter C. Goodwin of counsel], for the defendant.*

SPIEGELBERG, J.:

The complaint alleges in substance that the defendant conducts a department store; that on September 19, 1924, it inserted an advertisement in one of the newspapers published in the city of New York to the effect that it would sell and deliver and install for any one who would purchase and pay for the same, certain " well known standard makes of radio receivers at 25 per cent. to 50 per cent. reduction " from the advertised list prices thereof; that among the standard radio receiving sets thus advertised were those made by the makers of the " Radiola, Crosley, DeForest, Malone-Lemmon, Neutrodyne, Colon B. Kennedy and Sleeper Monotrol " radio receiving sets. The complaint then sets forth in great detail that, among the DeForest radio receiving sets, there were types known as the " D-12 Reflex Radiophone Receiving Sets; " that on September 20, 1924, the plaintiff offered to buy two of said sets upon the terms and conditions named in the defendant's advertisement, but that the defendant repudiated its offer to sell; that thereupon on September 22, 1924, the plaintiff unconditionally accepted the defendant's said offer to sell to the plaintiff the two DeForest D-12 Reflex Radiophone Receiving sets and tendered his certified check for the amount of the list price of said sets, less twenty-five per cent.

The complaint demands judgment for the damages suffered by the plaintiff by reason of the alleged breach of the defendant's contract to sell said sets. The advertisement, as well as the correspondence between the plaintiff and the defendant, are attached to and made a part of the complaint. The answer, while admitting the essential statements of fact, denies the inferences drawn therefrom by the plaintiff.

The plaintiff's theory is that the offer of the defendant contained in the advertisement ripened into a contract by his acceptance thereof. Although the plaintiff in his complaint specifically and in great minuteness alleges that a contract of sale was made between the parties, his rights must be determined by the contents of the advertisement itself. The defendant, in making this motion, does not admit any conclusions stated in the complaint, nor any con-

LOVETT *v.* LOESER & CO., INC.          **83**

Misc. 81]    Municipal Court of the City of New York, December, 1924.

struction put upon the contract by the pleader; nor does it concede the correctness of any inference drawn by the plaintiff from the facts alleged.    (*Greeff* v. *Equitable Life Assurance Society,* 160 N. Y. 19, 29.)    Where the contract is attached to the complaint, and a variance appears between the contract and the allegations of the complaint, the terms of the contract control.    (*Queen* v. *Benesch,* 191 App. Div. 83.)    The allegations of the complaint must, therefore, be disregarded wherever they are in conflict with the terms of the advertisement which the plaintiff concedes to be the basis of the contract upon which he relies.

I am of opinion that the plaintiff sets forth no cause of action. The defendant's advertisement is nothing but an invitation to enter into negotiations, and is not an offer which may be turned into a contract by a person who signifies his intention to purchase some of the articles mentioned in the advertisement.    In *Georgian Company* v. *Bloom* (27 Ga. App. 468) the court says: "A general advertisement in a newspaper for the sale of an indefinite quantity of goods is a mere invitation to enter into a bargain, rather than an offer."

In that case the plaintiff, in inserting the defendant's advertisement in its newspaper, wrongfully gave the price of the goods advertised by the defendant at five dollars instead of fifteen dollars, as directed by the defendant.    In the plaintiff's suit for the agreed price of the advertisement, the defendant set up by way of counterclaim that by reason of the wrongful advertisement she was compelled to sell the advertised articles to customers and persons who accepted her offer as made in said advertisement at a loss of ten dollars per article.    The counterclaim was struck out, and the ruling of the trial court was affirmed by the Court of Appeals. The opinion clearly shows that it was done upon the ground that an advertisement is not an offer subject to acceptance, and that, consequently, the defendant was not obliged to sell at the advertised price.

An eminent text writer says: " Frequently negotiations for a contract are begun between parties by general expressions of willingness to enter into a bargain upon stated terms and yet the natural construction of the words and conduct of the parties is rather that they are inviting offers, or suggesting the terms of a possible future bargain than making positive offers.    Especially is this likely to be true where the words in question are in the form of an advertisement.    Thus, if goods are advertised for sale at a certain price, it is not an offer, and no contract is formed by the statement of an intending purchaser that he will take a specified quantity of the

goods at that price.    The construction is rather favored that such an advertisement is a mere invitation to enter into a bargain rather than an offer."    (1 Williston Cont. 32, 33.    To the same effect see 13 C. J. 289.)

As stated by Professor Williston (*supra*, at p. 35), a positive offer may be made even by an advertisement or general notice, and the only general test is the inquiry whether the facts show that some performance was promised in positive terms in return for something requested.    But that is not the situation here.    This is the ordinary case of an advertisement which extends an invitation to all persons that the advertiser is ready to receive offers for the goods upon the terms stated.    This case is clearly distinguishable from offers of rewards made in advertisements, such as appear in *Pierson* v. *Morch* (82 N. Y. 503) and *Carlill* v. *Carbolic Smoke Ball Co.* (L. R. [1893] 1 Q. B. 256).    In the *Pierson* case the court held that an advertisement promising a $500 reward to the finder of jewelry was a general offer and that the acceptance by any person who returned the property made it a valid contract.    The same rule was laid down in the *Carlill* case, where the advertisement read that £100 reward would be paid by the defendant company to any one using the smoke balls as directed, and thereafter contracting influenza.    In the latter case, however, the court (at p. 268) pointed out the difference between that case and one of a general advertisement of goods in the following words: " It is not like cases in which you offer to negotiate, or you issue advertisements that you have got a stock of books to sell, or houses to let, in which case there is no offer to be bound by any contract.    Such advertisements are offers to negotiate — offers to receive offers — offers to chaffer."

But even assuming that the defendant's offer became a contract through the plaintiff's acceptance, the plaintiff has failed to state a cause of action.    The advertisement begins with the words in heavy type: " Widely known standard makes of radio receivers at 25 per cent. to 50 per cent. reduction."    Then follow without explanatory or connecting words the names of the radio sets heretofore mentioned.    The advertisement continues: " Your choice, complete with batteries, tubes, phones and installed all ready to operate $22.50 to $225."    This is followed by the usual fulsome panegyric of the wonderful opportunity accorded to radio enthusiasts.    Neither the D-12 DeForest model demanded by plaintiff, nor any other specific model is mentioned in the advertisement. The defendant declined to sell the D-12 set except at the regular price, but offered to the plaintiff other DeForest sets at the advertised reduction.    In this the defendant was right.    I had occasion

to discuss this phase of the case upon the decision of one of the motions made herein. I then stated: " The defendant did not advertise that it would sell at the reduced price all radio receivers in the market; nor did it advertise that it would sell any particular instrument. What it did advertise was that it had for sale, at a reduced price, widely-known standard makes of radio receivers. The plaintiff does not claim that the defendant declined to sell such receivers, but he complains that it declined to sell, in accordance with the advertised reduction, a particular set demanded by him. The defendant was not called upon to do so. The offer which the defendant made to the public and to this plaintiff did not contemplate a sale of all standard makes." The plaintiff now contends that the phrase " your choice " gives the public the right to choose any specified model of the sets mentioned. I fail to see how any such construction can be put upon those words. They mean the prospective purchaser has the choice of any of the standard makes offered by the defendant. He has not the right to select such sets which the defendant had not in stock or was not willing to sell at a reduced figure.

Another insuperable objection to the maintenance of the plaintiff's action is the fact that it does not appear that the amount tendered by him was the price at which the defendant was willing to sell. The plaintiff assumes that the advertised reduction is based upon the catalogue or list price of the manufacturers. The advertisement does not say that. It merely refers to a twenty-five per cent to fifty per cent reduction. It is a matter of common knowledge that a retail house does not sell at the same price as the manufacturers. Unless the defendant's offer (granting that it was an offer) specifically stated that the price was to be calculated upon the manufacturer's catalogue or list price, it must be assumed that its own regular prices were to be the basis from which the reduction was to be made.

The defendant's motion is granted, with leave to the plaintiff to. file an amended complaint within five days from the service upon his attorney of a copy of the order to be entered hereon, on payment of ten dollars costs.