(102 So. 689)

## J. E. PINKHAM LUMBER CO. v. C. W. GRIFFIN & CO. (5 Div. 875.)

(Supreme Court of Alabama. Jan. 15, 1925.)

1. **Principal and agent** ⬅️143(5)—**Undisclosed principal takes contract subject to rights and equities available to other party as against agent.**

Undisclosed principal takes contract subject to all rights and equities available to the other party as against the agent if he were suing.

2. **Sales** ⬅️22(1)—**Whether circulars and price lists are offers or invitations for offers, is question of intention.**

Whether circulars and price lists announcing goods for sale at certain prices are offers or merely invitations for offers is a question of intention.

3. **Appeal and error** ⬅️928(3)—**Circular construed in accordance with construction of trial court where neither circular nor its contents is before appellate court.**

In action involving issue as to whether seller's circular, announcing goods for sale at certain prices, was an offer or merely an invitation for offers, the appellate court, where neither the circular nor its contents is before the court, and where oral charge discloses trial court's construction, will construe bill of exception most strongly against appellant and in support of the trial court.

4. **Evidence** ⬅️158(27)—**Testimony that envelope with return card containing seller's confirmation of order had been duly stamped, addressed, and mailed, but had never been returned, held admissible.**

Testimony of seller's employé that duly stamped and addressed letter confirming buyer's

---

order had been mailed to buyer, that envelope had return card and that letter so mailed had never been returned, *held* admissible to prove confirmation of order as against contention that testimony was not the best evidence.

**5. Appeal and error ⬅728(3)—Assignment of error complaining of exclusion of evidence held not too general.**

Assignment of error that court erred in excluding testimony of named witness in answer to certain question of deposition, stating facts testified to, *held* not too general for consideration.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Action for damages for breach of contract by the J. E. Pinkham Lumber Company against C. W. Griffin, doing business as C. W. Griffin & Co. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The second assignment of error is as follows:

"The court erred in excluding the testimony of Bessie I. Gray in answer to question 5 of deposition to her that she personally deposited in the main postoffice at North Tonawanda, N. Y., confirmation of order of car of shingles on August 27, 1920, with postage fully prepaid, properly addressed to C. W. Griffin Company, Lafayette, Ala., and in refusing to admit her testimony and in sustaining objection to said question 5."

The portion of appellant's brief relating to this assignment is, in substance, as follows:

"The existence, execution, or mailing of documents as distinct from their contents may be shown by parol testimony without producing the originals. Where the execution of a writing as distinct from its contents is sought to be proved and such writing does not form the foundation of the action, although it is material to the controversy, its execution or existence may be proven by parol"—citing authorities.

"For the same reason the court erred in excluding the testimony of * * * and Bessie I. Gray, witnesses as to the mailing of invoice and bill of lading and other papers of a confirmatory character, the contents of said papers were not the foundation of the suit or action and it was only sought to prove the fact that they were mailed"—citing authorities.

Dickinson & Dickinson and E. Herndon Glenn, all of Opelika, for appellant.

Mailing of the circular constituted an offer, the wire sent by defendant constituted an acceptance, and no notice of the shipping of the car was necessary. Sturdivant v. Dixie Sanitarium, 197 Ala. 280, 72 So. 502; Kenan v. Lindsay, 127 Ala. 273, 28 So. 570. The principal may maintain an action in his own name against another for the breach of a contract made by his agent. W. U. Tel. Co. v. Manker, 145 Ala. 418, 41 So. 850; Sellers v. Malone, 151 Ala. 426, 44 So. 414; Ford

v. Williams, 62 U. S. (21 How.) 287, 16 L. Ed. 36; 40 Cent. Dig. 1282,; 25 Cyc. 413; 19 Cyc. 292. As to assignment 2 counsel cite 22 C. J. 1105; Barnes v. Marshall, 193 Ala. 94, 69 So. 436; 17 Cyc. 509; Stearnes v. Edmonds, 189 Ala. 487, 66 So. 714; Gulf Comp. Co. v. Jones Cot. Co., 172 Ala. 645, 55 So. 206; Davis v. Walker, 125 Ala. 325, 27 So. 313.

J. A. Hines, of Lafayette, for appellee.

Brief of counsel for appellant does not comply with Supreme Court rule 10. Thomas Frazer Lbr. Co. v. Henson, 4 Ala. App. 625, 58 So. 812; Ogburn-Griffin Co. v. Orient Ins. Co., 188 Ala. 218, 66 So. 434; L. & N. v. Holland, 173 Ala. 675, 55 So. 1001; Dickens v. Dickens, 174 Ala. 345, 56 So. 809. The circular was merely an invitation for offers. 35 Cyc. 50; Schenectady Stove Co. v. Holbrook, 101 N. Y. 45, 4 N. E. 4; 13 C. J. 288; Montgomery Ward & Co. v. Johnson, 209 Mass. 89, 95 N. E. 290. It was necessary that appellant accept appellee's offer. 13 C. J. 288.

GARDNER, J. Suit by appellant against appellee to recover damages resulting from a breach of contract for the sale of a carload of red cedar shingles. There was verdict and judgment for defendant, and plaintiff appeals.

The Transfer Lumber & Shingle Company, in the state of New York, was sales agent for the plaintiff, a corporation, with its principal place of business in the state of Washington. The Transfer Company (to so designate the agent) mailed out, on August 19, 1920, certain circulars quoting prices of red cedar shingles of certain grades—one of which circulars was received by defendant C. W. Griffin & Co. of Lafayette, Ala. In answer thereto, defendant, on August 27, 1920, wired the Transfer Company accepting a carload of said shingles of designated grades. The evidence of the plaintiff tends to show that the Transfer Company promptly transmitted this order to plaintiff in the state of Washington, and that a carload of said shingles was duly and promptly shipped to defendant in fulfillment thereof; that the invoice and bill of lading for said car was duly mailed to defendant, and that the car arrived at Lafayette, Ala., October 9, 1920, which was a reasonable time; that defendant refused to receive and pay for the same, and offered proof as to damages suffered in consequence thereof.

That defendant refused to receive the car is without dispute, and defendant offered proof tending to show the car did not arrive in a reasonable time, and, further, to the effect that he did not know the plaintiff in the transaction, had received no confirmation of his order by wire to the Transfer Com-

pany, or notice of any character that such order would be filled, and, hearing nothing, had in the meantime purchased other shingles. Defendant further testified that the shipment disclosed it was from the plaintiff, that he did not receive any invoice or bill of lading mailed to him, and had received no notice of any character that plaintiff was in any manner involved in the transaction.

Counsel for appellant insist that defendant's telegram was an acceptance of the offer of sale contained in the circular, and therefore the contract was complete—no confirmation being necessary (citing Sturdivant v. Dixie Sanitarium, 197 Ala. 280, 72 So. 502; Kenan v. Lindsay, 127 Ala. 273, 28 So. 570)—and further that the fact plaintiff's identity was not disclosed is not material, as an undisclosed principal may maintain suit under contract made by the agent in his behalf. Sellers v. Malone-Pilcher Co., 151 Ala. 426, 44 So. 414.

[1-3] In such a case, however, it is well understood that the "principal takes the contract * * * subject to all the rights and equities available to the other party, as against the agent if he were suing." It has been held that "circulars and price lists announcing goods for sale at certain prices are ordinarily to be construed merely as invitations for offers." 35 Cyc. 50. But, however this may be, the question is one of intention, and in the instant case neither the circular nor its contents is before the court, but the oral charge of the court below discloses that the trial judge construed the circular as such invitation for offer or a conditional offer for sale, subject to confirmation. In view of this situation, therefore, we construe the bill of exceptions most strongly against the appellant, and in support of the trial court.

The question of a receipt by the defendant of a confirmation of his offer therefore constituted a material issue in the cause. As tending to refute the insistence of defendant that he received no confirmation and had no notice when the car did arrive, that it was a result of his order, and was to be shipped by plaintiff in this cause, plaintiff offered the testimony taken by deposition of Bessie I. Gray, who testified that she was connected with the Transfer Company, and was familiar with this particular transaction. The court sustained defendant's objection to questions intended to elicit evidence, to the effect that defendant's order was received, and that there was mailed, by the Transfer Company, a confirmation thereof to defendant at Lafayette, Ala., duly stamped and addressed, with return card on envelope, and that the same so mailed had never been returned. Plaintiff's purpose was, of course, to show a presumed receipt of the confirmation by defendant through regular course of the mails. 16 Cyc. 1068. The objection seems to be based principally upon the ground the question calls for secondary evidence, the written instrument not being accounted for.

[4] It is generally held that the best evidence rule does not apply to writings collateral to the issue (17 Cyc. 508; 20 C. J. 1015; Barnes v. Marshall, 193 Ala. 94, 69 So. 436), but should it be conceded, without deciding the question, that this notice or confirmation was so related to the cause of action as to require the application of the best evidence rule, yet we are of the opinion this evidence, to which objection was sustained, tended to establish the loss or inaccessibility of the writing to the plaintiff, in that it was mailed to defendant with return card and never returned to plaintiff. In any view therefore we are of the opinion the court erred in sustaining the objection. That such proof was very material to plaintiff's cause, in view of defendant's evidence, needs no discussion, and this ruling constitutes error for reversal.

We have not overlooked the insistence of counsel for appellee that the assignments of error and brief in support thereof are too general, and are lacking in certainty required by the rules of this court, and should therefore not be considered.

[5] We find no difficulty in this respect as to the second assignment of error upon which the reversal of the cause is rested, and think a substantial compliance with the rules as to this assignment has been shown. As to the others we may pass the question without decision in view of the reversal, and in the belief that what we have here said will suffice for another trial of the cause.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.