**John D.R. LEONARD, Plaintiff–Appellant,**

v.

**PEPSICO, INC., Defendant–Appellee.**

**Docket No. 99–9032**

United States Court of Appeals, Second Circuit.

Argued March 21, 2000

Decided April 17, 2000

David E. Nachman, New York, N.Y. (David N. Ellenhorn, Emily Stern, Solomon, Zauderer, Ellenhorn, Fischer & Sharp, New York, N.Y. on the brief) for Plaintiff–Appellant.

Charles Ossola, New York, N.Y. (Arnold & Porter, Washington D.C., and Arent, Fox, Kitner, Plotkin & Kahn, New York, N.Y. on the brief) for Defendant–Appellee.

Before: FEINBERG, JACOBS and HALL,* Circuit Judges.

---

* The Honorable Cynthia Holcomb Hall, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

PER CURIAM.

In 1995, defendant-appellee Pepsico, Inc. conducted a promotion in which it offered merchandise in exchange for "points" earned by purchasing Pepsi Cola. A television commercial aired by Pepsico depicted a teenager gloating over various items of merchandise earned by Pepsi points, and culminated in the teenager arriving at high school in a Harrier Jet, a fighter aircraft of the United States Marine Corps. For each item of merchandise sported by the teenager (a T shirt, a jacket, sunglasses), the ad noted the number of Pepsi points needed to get it. When the teenager is shown in the jet, the ad prices it as 7 million points.

Plaintiff-appellant John D.R. Leonard alleges that the ad was an offer, that he accepted the offer by tendering the equivalent of 7 million points, and that Pepsico has breached its contract to deliver the Harrier jet. Pepsico characterizes the use of the Harrier jet in the ad as a hyperbolic joke ("zany humor"), cites the ad's reference to offering details contained in the promotional catalog (which contains no Harrier fighter plane), and argues that no objective person would construe the ad as an offer for the Harrier jet.

The Unites States District Court for the Southern District of New York (Wood, *J.*) agreed with Pepsico and granted its motion for summary judgment on the grounds (1) that the commercial did not amount to an offer of goods; (2) that no objective person could reasonably have concluded that the commercial actually offered consumers a Harrier Jet; and (3) that the alleged contract could not satisfy the New York statute of frauds.

We affirm for substantially the reasons stated in Judge Wood's opinion. *See* 88 F.Supp.2d 116 (S.D.N.Y.1999).