Erik TRELL, M.D., Ph.D.,
Plaintiff–Appellant,

v.

AMERICAN ASSOCIATION FOR the ADVANCEMENT OF SCIENCE, ScienceNOW and Dana MacKenzie, Ph.D., Defendants–Appellees.

No. 07–2656–cv.

United States Court of Appeals, Second Circuit.

Feb. 18, 2009.

Joy A. Kendrick, Buffalo, N.Y., for Appellant.

Alia L. Smith (David A. Schulz, on the brief), Levine Sullivan Koch & Schulz, L.L.P., New York, N.Y., for Appellee.

Present: ROSEMARY S. POOLER, and DEBRA ANN LIVINGSTON, Circuit Judges, JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

Erik Trell appeals from a May 18, 2007 memorandum and order of the district court granting appellees American Association of the Advancement of Science ("AAAS"), ScienceNOW, and Dana Mackenzie's motion to dismiss Trell's amended complaint. We assume the parties' familiarity with the facts, proceedings below, and the issues raised on appeal.

We affirm the district court's dismissal of the complaint as against Mackenzie for lack of personal jurisdiction because Trell, by not arguing this issue on appeal, has waived it. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

As to Trell's claims against AAAS and ScienceNOW, we note that Trell appears to concede that ScienceNOW is not an appropriate defendant. In any event, we affirm the district court's dismissal of Trell's breach of contract claim as to both entities because we conclude that Science-NOW's request for "news tips" was not a binding offer. "[Advertisements] are mere

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

notices and solicitations for offers which create no power of acceptance in the recipient." *Mesaros v. United States,* 845 F.2d 1576, 1580 (Fed.Cir.1988); *see also Leonard v. Pepsico, Inc.,* 88 F.Supp.2d 116, 122–24 (S.D.N.Y.1999), *aff'd,* 210 F.3d 88 (2d Cir.2000).[1] Nor does ScienceNOW's solicitation fall within that class of advertisements that are deemed offers if they are "clear, definite, and explicit, and leave[ ] nothing open for negotiation," *Leonard,* 88 F.Supp.2d at 124 (quotation marks omitted), since it contained several undefined terms and its offer to investigate "news tips" depended on whether ScienceNOW deemed such offers to be "suitable."

Trell makes various other claims, all of which lack merit and do not warrant discussion. Accordingly, the judgment of the district court hereby is AFFIRMED.

---

1. The parties do not agree on whether New York or District of Columbia Law governs. We conclude that Trell's claims would fail under the law of either jurisdiction.