16-3301-cv
*McCabe v. Conagra Foods, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand seventeen.

Present:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> VINCENT L. BRICCETTI,
> > *District Judge.*[*]

―――――――――――――――――――

KEVIN MCCABE, *individually and on behalf of all others similarly situated*,

> *Plaintiffs-Appellants*,

> v.                                                      16-3301

CONAGRA FOODS, INC.,

> *Defendant-Appellee*.

―――――――――――――――――――

For Plaintiffs-Appellants:           TODD C. BANK, ESQ., Kew Gardens, NY.

―――――――――――――

[*] Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellee:  JAMES J. FROST, McGrath, North, Mullin & Kratz, P.C., LLO, Omaha, NE; Edward L. Powers, Zukerman Gore Brandeis & Crossman, LLP, New York, NY.

**UPON DUE CONSIDERATION WHEREOF IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kevin McCabe appeals from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*), entered on August 30, 2016, dismissing his proposed class action complaint for failing to state a claim upon which relief could be granted. McCabe also appeals from the denial of his motion for reconsideration on September 9, 2016. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

## I.    Background

ConAgra Foods, Inc. ("ConAgra") conducted an annual promotion to help end child hunger from 2011 to 2015. The company would donate a certain amount—up to a yearly maximum—to a non-profit organization called Feeding America for every code entered on its website from certain ConAgra products' packaging. Kevin McCabe filed suit in the Eastern District of New York, alleging that ConAgra's promotion created a contract. He brought claims for breach of contract and violation of the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code §§ 28-3901-3913.[1]

## II.    Discussion

This Court reviews de novo a district court's ruling on a motion to dismiss. *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). To survive a motion to dismiss, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[1] McCabe withdrew his claim for breach of the implied covenant of good faith and fair dealing.

2

for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell A. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Contract Claim

Pursuant to New York law, on which both parties rely in connection with this contract claim, the elements of a cause of action for breach of contract are: the existence of an agreement, performance by the plaintiff, breach of contract by the defendant, and resulting damage. *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004). An agreement stems from "a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Express Indus. and Terminal Corp. v. N.Y. State Dep't of Transp.*, 715 N.E.2d 1050, 1053 (N.Y. 1999); *see also Arbitron, Inc. v. Tralyn Broad., Inc.*, 400 F.3d 130, 137 (2d Cir. 2005). An agreement generally requires an offer and an acceptance. The general rule in New York is that a promotion or advertisement is not an offer. *Leonard v. Pepsico, Inc.*, 88 F. Supp. 2d 116, 122-23 (S.D.N.Y. 1999), *aff'd*, 210 F.3d 88 (2d Cir. 2000). An advertisement can constitute an offer when it is "clear, definite, and explicit, and leaves nothing open for negotiation." *Id.* at 123 (quoting *Lefkowitz v. Great Minneapolis Surplus Store, Inc.*, 86 N.W.2d 689, 691 (Minn. 1957)); *Amalfitano v. NBTY Inc.*, 128 A.D.3d 743, 744 (N.Y. App. Div. 2d Dep't 2015), *leave to appeal denied*, 43 N.E.3d 375 (N.Y. 2015).

We agree with the district court that McCabe failed plausibly to allege the existence of a unilateral contract for each year from 2011 through 2014. A unilateral contract was not formed, *inter alia*, because the promotion was limited to a certain maximum donation per year. *See Amalfitano*, 128 A.D.3d at 744 (promotion was an invitation for offers, not an offer, because it expressly stated that supplies were limited). An individual entering a code would have no

3

knowledge whether the maximum donation had been reached in 2011, 2012, 2013, or 2014. *Cf. Lefkowitz*, 86 N.W.2d at 691 (potential customer knew that he was the first one in line for a "first come, first served" opportunity). Thus, ConAgra's promotion was not an offer because McCabe and the other plaintiffs had no "power of acceptance." *See Leonard*, 88 F. Supp. 2d at 123 (quoting *Mesaros v. United States*, 845 F.2d 1576, 1580 (Fed. Cir. 1988)).

The district court also concluded that McCabe did not plausibly allege the existence of a bilateral contract for each year from 2011 through 2015, and we agree. Under McCabe's bilateral contract theory, the terms of participation constituted an invitation for an offer. The entry of a code by a promotion participant then was an offer which ConAgra supposedly accepted by acknowledging the code's receipt. ConAgra's supposed invitation for offers, however—made prior to any code entry—was insufficiently definite to set the terms of the "offer" supposedly made on entry of a code, and McCabe fails to allege facts suggesting that the code entry in any way clarified the terms on which an alleged bilateral contract was created.

McCabe alleges that, in 2015, an individual entering an online code would know whether the yearly maximum donation had been reached because of a counter used during that year's promotion on the promotion website. Thus, he claims, a unilateral contract was formed at least as to this year. But even assuming *arguendo* that the individual was aware of whether the yearly maximum donation had been reached and that the terms of the offer were sufficiently definite, McCabe fails to allege that ConAgra breached that contract. Nowhere does he state that ConAgra did not make the 10-cent or 20-cent monetary donation to Feeding America upon the entry of an online code—the only promotion term arguably definite enough to constitute an offer. He merely criticizes the methodology that Feeding America used to calculate the cost of

4

providing a meal.   Therefore, McCabe fails to state a claim for breach of contract even as to the 2015 promotion.

## B.  DCCPPA Claim

The DCCPPA prohibits any person from "misrepresent[ing] . . . a material fact which has a tendency to mislead" in connection with consumer transactions.   D.C. Code § 28-3904(e). The statute grants a cause of action to "[c]onsumer[s]," *id.* at § 28-3905(k)(1)(A), and "individual[s] . . . seeking relief from the use of a trade practice in violation of a law of the District . . . involv[ing] consumer goods or services that the individual purchased or received," *id.* at § 28-3905(k)(1)(B).   The district court determined that the statute requires a plaintiff to allege the purchase of a consumer good, not "the mere *observation* of a merchant's unlawful communication."   *Sloan v. Soul Circus, Inc.*, 2015 WL 9272838, at *8 (D.D.C. Dec. 18, 2015)). And the district court noted that McCabe failed to allege that any plaintiff purchased a consumer good in connection with ConAgra's representations.

McCabe does not point this Court to any authority that contradicts the district court's conclusions.   Instead, McCabe argues that the district court should have granted him leave to file a second amended complaint to comply with the DCCPPA's pleading requirements. McCabe requested leave to file a second amended complaint in his motion for reconsideration, arguing that the district court's dismissal of the DCCPPA claim for failure to allege that purchases were made was "unfair."

This Court reviews a district court's denial of a request for leave to amend a pleading for abuse of discretion.   *Pigott*, 749 F.3d at 134.   "An abuse of discretion may consist of an erroneous view of the law, a clearly erroneous assessment of the facts, or a decision that cannot

5

be located within the range of permissible decisions." *Id.* (quoting *Anderson News, L.L.C. v. American Media, Inc.*, 680 F.3d 162, 185 (2d Cir.2012), *cert. denied*, 133 S.Ct. 846 (2013)).

Here, the district court gave McCabe an opportunity to amend his original complaint, and he was on notice that he should allege that purchases were made by the class plaintiffs. First, before he filed his amended complaint, McCabe himself acknowledged in a letter that his "Complaint could be amended . . . in order to explicitly make th[e] allegation" that "purchases were made by the participants in ConAgra's promotion." Second, the district court identified this very issue for him at a telephone conference before McCabe filed his amended complaint. Specifically, it stated that the D.C. statute "grants a cause of action to consumers, . . . defined as people who purchase, lease, receive consumer goods," and telling him that he could amend the complaint "to state that plaintiff and class members did purchase ConAgra products." McCabe's counsel "underst[oo]d" during that conference that his amended complaint would be his "last pleading" based on information available pre-discovery.[2] Nevertheless, McCabe failed to allege that anyone purchased a ConAgra product in his amended complaint. Given these circumstances, we conclude that the district court acted within its "wide discretion" in denying McCabe leave to file a second amended complaint. *See, e.g.*, *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 126 (2d Cir. 2014) (stating that the district court did not abuse "the wide discretion we accord district courts in choosing to grant or deny leave to amend" when plaintiff was "on notice" of the complaint's deficiencies); *see generally DiVittorio v. Equidyne Extractive*

---

[2] McCabe states that he did not agree to waive his right to seek to file a second amended complaint. He claims that he "merely stated that he would draft the Amended Complaint to the best of his ability." No. 16-cv-00093, R. 28 at 11. But the official transcript indicates that McCabe's counsel agreed that it would be his "last pleading in terms of what [he was] aware of [then]." *Id.*, R. 14 at 15. The court acknowledged that "discovery can result in the amendment [of the complaint]," but wanted to avoid "chip[ping] away at . . . the same pleading again and again." *Id.* Counsel acknowledged: "I understand." *Id.*

*Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (stating that plaintiff's counsel "irrevocably waived the option offered by the district court further to amend his complaint" when he "declared his intention to stand on the allegations of his complaint" at oral argument); *D. Penguin Bros. Ltd. v. City Nat'l Bank*, 587 F. App'x 663, 669 (2d Cir. 2014) (summary order) (holding that the district court did not abuse its discretion in effectively denying leave to amend when, *inter alia*, the "[p]laintiffs . . . had ample notice of the asserted flaws in their complaints").

## III.    Conclusion

We have considered McCabe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7