JACK SILVERSTEIN, Appellant, *v.* R. H. MACY & Co., INC., Respondent.

First Department, April 22, 1943.

*Benedict S. Rosenfeld* of counsel (*Louis L. Kawalick,* attorney), for appellant.

*Samuel E. Swiggett* of counsel (*Andrews, Baird & Shumate,* attorneys), for respondent.

CALLAHAN, J. This is an action to recover damages for personal injuries suffered by the plaintiff while using a gymnastic device known as a "chinning bar" which he had purchased in defendant's department store. The complaint rested solely upon allegations of breach of warranty.

The device consisted of two metal tubes, one fitting within the other, with flattened ends in the nature of cups containing rubber rings, or washers. The device was to be fastened in a doorway of the user's home. It was to be tightened to fit the width of the doorway by turning the outer bar in one direction, which caused an internal screw to expand, thereby forcing the rubber-faced ends apart and against the doorframe. Pressure, not suction, was claimed to be responsible for its firmness.

There was proof that in directions stamped on the bar, and contained in advertising matter which was distributed with the bar, a purchaser was advised that a few turns of the outer tube with the hands would securely fasten the bar against the doorframe and supply sufficient holding power to safely sustain 250 pounds without any danger of injuring the woodwork. Users were directed to use no nails, screws or other fasteners. The directions further provided that the user was to be sure that the bar was up tight, and in a level position, and to test it with a strong tug before using it.

In addition to the foregoing directions stamped on the bar, and found in the pamphlet, the plaintiff testified that he was told by the salesman that the bar was a safe article to use for the purpose for which it was sold. Plaintiff further stated that the salesman directed him to use the bar in the manner specified in the pamphlets.

Plaintiff, who had purchased the bar in May, 1940, had used it in his home on numerous occasions during a period of about five months, or until October 5, 1940, without untoward result. On that day he had placed the bar in position in a doorway, tightened it as directed, and after seizing hold of it, swung his feet in pendulum fashion out and away from a point beneath

the bar. Thereupon the bar fell from position, causing plaintiff to fall to the floor. He suffered serious injuries, for which he claims the right to recover damages.

Plaintiff weighed 170 pounds. He produced expert opinion evidence that the device was faulty in construction in that it provided no mechanism to check loosening of pressure when the outside bar was caused to turn by a person swinging on it.

The trial court dismissed the complaint upon the ground that the salesman was without authority to warrant the property sold, there being no evidence adduced on the part of the plaintiff that an article of the nature here involved was ordinarily sold with a warranty.

The trial court also held that the defendant, as seller, did not adopt the warranties contained in the pamphlets which had been furnished by the manufacturer, and, further, that there was no proof of breach of warranty.

We hold that these rulings were erroneous, and that it was improper to dismiss the complaint, for the reason that plaintiff's proof established, *prima facie,* defendant's warranties and the breach thereof.

Insofar as we may glean from the record, the trial court treated this sale as one under Personal Property Law, section 96, subdivision 4, that is a sale of a specific article under its trade name, and held there was no implied warranty of fitness for any particular purpose.

We need not determine whether under the present circumstances there was evidence to support an implied warranty, under any of the subdivisions of section 96 of the Personal Property Law. Here the plaintiff claimed an express warranty. If the testimony to support the express warranty was properly received, and was believed by the jury, and if breach thereof was established with resulting injury, plaintiff was entitled to prevail.

The rule concerning the authority of a salesman in connection with a sale is stated in *Burke* v. *Bonat* (255 N. Y. 226, 230) as follows: " A salesman has implied authority in effectuating a sale to do whatever is necessary according to the usual course of procedure prevailing in the business. (*Ahern* v. *Goodspeed,* 72 N. Y. 108, 114; *Wait* v. *Borne,* 123 N. Y. 592, 604; *First Nat. Bank* v. *Farson,* 226 N. Y. 218, 224; 1 Mechem, Law of Agency, § 715.) What that procedure is will commonly be a question of fact to be answered by a jury (Mechem, *supra;* Benjamin, Sale [6th ed.], p. 768), unless the course of business is so notorious as to become a subject for judicial notice. (*Ahern* v. *Goodspeed,*

*supra.*) Sometimes the jury's answer may be given in the light of everyday experience. This will be so when the transaction is of a type so ordinary and simple that everyday experience may reasonably and safely be accepted as a guide (Mechem, *supra*). Sometimes the quality of the act or the setting of the circumstances may call for proof of what is usual before everyday experience may leap to a conclusion. If there is no proof of what is usual, a substitute may be found in evidence, direct or circumstantial, of expectation or desire.''

Defendant points out that the rule as above quoted was enunciated concerning what a salesman is entitled to do in connection with a sale, rather than as to his right to make oral warranties.

An examination of the earlier cases of *Ahern* v. *Goodspeed,* (*supra*) and *Wait* v. *Borne* (*supra*), cited in *Burke* v. *Bonat* (*supra*) will show that the rule stated applies with equal force to the right of a salesman to make warranties usual in a sale of the nature involved. The question of the right of defendant's salesman to warrant the safety of the chinning bar was for the jury, in view of the fact that the present sale was one of such an ordinary nature.

The pamphlets above referred to were examined at the time of sale, and specifically discussed between plaintiff and the salesman. Respondent contends that any statements contained in the pamphlets as to the quality or fitness of the articles sold were representations of the manufacturers of the bar, and not binding on the defendant. We hold that the evidence would have warranted a finding that the defendant adopted the statements contained in these circulars.

Mechem in his work on Agency (2d ed. § 884) states the rule as follows: `` § 884. *Authority to warrant in accordance with descriptions furnished by principal.* Where the principal furnishes the agent with written or printed circulars, or other descriptive matter relating to the goods to be sold, for the purpose of having these delivered or exhibited to prospective buyers, or otherwise used as a means of inducing sales, the agent would doubtless have implied authority to warrant the goods in accordance with any statements of fact contained in such circulars, provided such statements, if made under the same circumstances by the principal in person, would constitute warranties.'' (See, also, *Levis* v. *Pope Motor Car Co.,* 202 N. Y. 402.)

An inference was clearly warranted from the present circumstances that defendant had authorized the distribution of the pamphlets with the bar when sold. These pamphlets appear

to contain representations as to the safety of the device which amounted to warranties.

Lastly, defendant contends that the judgment of dismissal was correct because plaintiff had failed either to plead or prove compliance with section 130 of the Personal Property Law, which requires the buyer to give to the seller notice of breach of warranty within a reasonable time after the buyer knew of same. We have heretofore held that the requirement found in section 130 has no application to a situation similar to the present. (*Kennedy* v. *Woolworth Co.*, 205 App. Div. 648; *Sylvester* v. *Macy & Co., Inc.*, 265 App. Div. 999.) In any event the commencement of this action would seem to afford sufficient notice of breach of warranty. (*Henderson Tire & Rubber Co.* v. *Wilson & Son*, 235 N. Y. 489, 500.)

The judgment should, therefore, be reversed, and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment unanimously reversed, and a new trial ordered, with costs to the appellant to abide the event.