Dore, J.
Plaintiff sued for $5,737.40, the balance claimed to be due for the sale and delivery by plaintiff, seller, to defendant, buyer, of a quantity of lace at the agreed price of $11,737.40. Over two months after the sale and delivery of the goods, the purchaser concededly paid the seller $6,000. .After a trial before the court and a jury, the trial court at the close of the whole case directed a verdict in plaintiff’s favor for the claimed balance due.
The sale and delivery of the merchandise on May 29, 1946, the total purchase price of $11,737.40, and the terms of payment due on July 10,1946, were all conceded by defendant purchaser. No previous business had been done between the parties and the sale was of surplus inventory. The purchaser also admitted he knew in July 1946 of the alleged defect in the merchandise; viz., that it was so shrinkable as to be worth only 10% or 20% of the purchase price.
During the trial defendant abandoned the claim of rescission and relied on warranty, an express warranty by the salesman, one Egan, and an implied warranty under section 96 of the Personal Property Law. The trial court. excluded any testimony as to what Egan, the salesman, was alleged to have said and at *420 the close of the whole case dismissed the counterclaim holding there was no proof of express or implied warranty, and directed a verdict in plaintiff’s favor for $5,737.40 with interest from May 29, 1946.
On. "the testimony adduced, the counterclaim was properly dismissed. However, there was some proof to show that plaintiff authorized Egan to make the sale and delivery of the merchandise, and that plaintiff knew defendant was in the same business as plaintiff, that is, the manufacturing of brassieres and girdles. Defendant also offered to prove the value of the brassieres if the lace did not shrink and the value after the lace had shrunk; but objections to such evidence were sustained. A salesman has implied authority in effecting a sale to do whatever is necessary according to the usual course of procedure prevailing in the business and what that procedure may be will commonly be a question of fact to be answered by a jury (Burke v. Bonat, 255 N. Y. 226, 230; Silverstein v. Macy & Co., Inc., 266 App. Div. 5, 7). Accordingly, inquiry should have been allowed as to the scope of the agency and warranties, if any-that may have been made within such scope, and whether the purchaser made known to the seller through his salesman the purpose for which the goods were required and any facts to show that notice was given that the buyer relied on the seller’s judgment. If such facts were shown, there would be an issue for the jury whether there was a breach of warranty.
While the payment by the defendant of $6,000 at a time when it claimed to know of the alleged inferior quality of the lace may throw some doubt on the existence of any warranties, we think that this merely presents an argument that should be addressed to the jury.
The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event. ■
Glennon, Cohn, Callahan and Van Voobhis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. [See post, p. 1004.]