OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The purported “bid” submitted by appellants, including as an undifferentiated alternative to the specified figure of $556,000, “One dollar ($1.00) more than the highest bidding price you have received for the above property”, was not definite and certain. It did not specify which alternative was to be taken by the owner as the price offered; there was no determinative modifier, as, for instance, “whichever is the higher”.
Even if it were to be concluded that this deficiency was remedied by necessary implication, however, the “one-dollar-more” alternative, standing alone, was indefinite and meaningless without reference to the bid or bids of other bidders. Although in some circumstances a bid which by itself is incomplete may properly be made definite and certain by reference to external objective facts, in the context of sealed competitive bidding the necessary certainty cannot be imported by cross reference to the bids of others participating in the same competitive bidding over the objection of the owner or another bidder.*
The very essence of sealed competitive bidding is the submission of independent, self-contained bids, to the fair compliance with which not only the owner but the other bidders are entitled. As the Appellate Division observed, to *936 give effect to this or any similar bidding practice in which the dollar amount of one bid was tied to the bid or bids of another or others in the same bidding would be to recognize means whereby effective sealed competitive bidding could be wholly frustrated. In the context of such bidding, therefore, a submission by one bidder of a bid dependent for its definition on the bids of others is invalid and unacceptable as inconsistent with and potentially destructive of the very bidding in which it is submitted. On the only other occasion a similar ploy appears to have received judicial attention, over 80 years ago, it was likewise rejected (South Hetton Coal Co. v Haswell, Shotton & Easington Coal & Coke Co., CA 1898, 1 Ch 465).

 We express no opinion as to whether, in the absence of an objection by another bidder, an acceptance of such a bid by the seller from bids on a nonpublic contract would thereafter be enforceable.