OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed, with costs.
Plaintiff-appellant signed a form denominated "Order for Directory Representation” seeking the placement of advertisements in the New York Telephone Company’s Camillus and Syracuse telephone book yellow pages. The form was not signed by either respondent or its authorized agent for the solicitation of advertisements, respondent Reuben H. Donnelly Corp. Immediately above the area for the applicant’s signature was the notation that, "the applicant hereby requests THE NEW YORK TELEPHONE COMPANY TO INSERT THE ABOVE ITEMS OF ADVERTISING IN THE ABOVE NAMED DIRECTORY SUBJECT TO THE TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF, which the undersigned has read.” Among the 15 conditions on the back of the single-page form, in legible print, it was stated in clear and explicit language that: "3. The Applicant may withdraw this order in whole or in part, by giving written notice not later than the cancellation closing date for the directory involved” and "10. Publication of any unit in any issue of the directory specified shall constitute acceptance of this order for such unit with respect to such issue only. The omission of a unit from any issue of the directory shall constitute a rejection by the Company of the order for such unit with respect to such issue, and in the event of omission, any amount paid hereunder applicable to the omitted unit for *881 that issue shall be refunded to the Applicant and no other or further liability shall exist” (emphasis supplied). When the advertisements did not appear in the 1983 yellow pages, respondent deemed the order rejected and refunded appellant’s payment. Appellant sued to recover damages for loss of profits in its business based on asserted contractual violations and negligent actions by respondent in failing to print the advertisement.
By its explicit terms, the order form made acceptance conditional upon publication and allowed for unilateral cancellation by appellant as well. The order form therefore constituted a mere offer to make a unilateral contract. The fact that the offer was made on the respondent’s preprinted forms does not transform the order form into a bilateral contract. "The mere expectation that a contract will be entered into * * * do[es] not constitute a contract” (1 Williston, Contracts § 27, at 66 [3d ed]). Because "a unilateral contract [is] unenforceable until acted upon by the promisee” (I. & I. Holding Corp. v Gainsburg, 276 NY 427, 433; see, Petterson v Pattberg, 248 NY 86, 88), appellant’s contract claims were properly dismissed by both lower courts.
Insofar as no contract was formed between these parties, we have no occasion to consider the application or extension of our decision in Hamilton Employment Serv. v New York Tel. Co. (253 NY 468, 471), upholding a limitation on liability for an omissions clause involving a white pages telephone directory.
The negligence claim was also properly dismissed. The lower courts correctly concluded that no duty existing independent of the alleged contract, the breach of which would constitute negligence, was pleaded (see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 389).
Appellant’s additional arguments have been reviewed and are without merit and no issue has been raised with respect to the gross negligence claim.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Orders affirmed, with costs, in a memorandum.