■ In the Matter of N.E.P. GLASS COMPANY, LTD., Appellant, v BOARD OF EDUCATION, MORRISVILLE-EATON CENTRAL SCHOOL DISTRICT, et al., Respondents. [649 NYS2d 537] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered June 12, 1995 in Madison County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, vacate a contract between respondents and compel the award of said contract to petitioner.

In January 1995, respondent Board of Education of the Morrisville-Eaton Central School District (hereinafter the Board) invited bids from contractors to replace windows in certain school district facilities. In response, seven bids were received including two submitted by respondent R.D. McCarthy Co., Inc. (hereinafter McCarthy)—one for $337,000 and the other for $309,000. Handwritten on the top of each of McCarthy's bid forms was the name of a window manufacturer, "EFCO" on the higher bid and "Traco" on the lower bid. The Traco bid proved to be the lowest of the seven submitted. Upon determining that its requirements and specifications were met, the Board awarded the contract to McCarthy.

Petitioner, as the second-lowest bidder, commenced the instant CPLR article 78 proceeding requesting (1) rescission of the contract awarded McCarthy, and (2) a direction that the Board either award the contract to petitioner or rebid the window project. Supreme Court denied McCarthy's motion to dismiss, found that a rational basis existed for the Board's award and dismissed the petition on the merits.

Petitioner contends on appeal to this Court (1) that McCarthy's submission of the two bids was a material irregularity that corrupted the competitive bidding process prescribed by General Municipal Law § 103 (1) requiring annulment of the award, and (2) that McCarthy's bids were not responsive because each contained a handwritten name of a window manufacturer allegedly contrary to bid instructions and specifications, thereby providing McCarthy a substantial benefit or advantage over other bidders. We disagree.

The instant record is devoid of any support for petitioner's claim that McCarthy in any way gained a competitive advantage by submitting two bids. The two bids submitted were separate and distinct and neither was dependent on the other, revoked the other or was submitted in alternative form (*cf.*, *S.S.I. Investors v Korea Tungsten Min. Co.*, 55 NY2d 934). The

Board could properly accept McCarthy's lower bid and disregard its higher bid (*see, Matter of Suit-Kote Corp. v City of Binghamton Bd. of Contract & Supply*, 216 AD2d 831, 832). Nothing in either the "Advertisement for Bids" or the "Instructions to Bidders" prohibited an interested bidder from submitting more than one bid. We find that the Board acted rationally in accepting McCarthy's bid.

Petitioner's argument that McCarthy's bids were not responsive also lacks merit. The question of "[w]hether differences between the bid specifications and the bid itself were 'material' or 'substantial' was for [the Board] to decide" (*Matter of Wilson Omnibus Corp. v Fallsburg Cent. School Dist.*, 167 AD2d 803, 804; *see, Matter of A&S Transp. Co. v County of Nassau*, 154 AD2d 456, 459; *Le Cesse Bros. Contr. v Town Bd. of Town of Williamson*, 62 AD2d 28, *affd* 46 NY2d 960). Significantly, the instructions to bidders declared that the Board had "the right to waive informalities or irregularities in a [b]id received and to accept the [b]id which, in the [Board's] judgment, is in the [Board's] own best interests" (Instructions to Bidders § 5.3). McCarthy's gratuitous insertion of the name of a window company in its bid could properly be considered a nonmaterial irregularity by the Board in the circumstances of this case and the Board was free to waive such irregularity (*see, Matter of Suit-Kote Corp. v City of Binghamton Bd. of Contract & Supply, supra*, at 831; *cf., Le Cesse Bros. Contr. v Town Bd. of Town of Williamson, supra*). There was no showing that the insertion of the name "Traco" on the top of the bid or the Board's subsequent waiver thereof gave any unfair advantage to McCarthy. Moreover, we note that the selection resulted in significant savings to the school district.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.