■ EAST MEADOW DRIVING SCHOOL, INC., et al., Respondents, v BELL ATLANTIC YELLOW PAGES COMPANY, Appellant. [708 NYS2d 701] —In an action, *inter alia*, to recover damages for breach of contract and gross negligence, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered December 22, 1999, as denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and granted the plaintiffs' cross motion for leave to serve an amended complaint pursuant to CPLR 3025 (a).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the cross motion is denied, and the complaint is dismissed.

In or about June 1998, the plaintiffs submitted an application to the defendant Bell Atlantic Yellow Pages Company (hereinafter Bell Atlantic) to run an advertisement in Bell Atlantic's December 1998 edition of the Nassau County Bell Atlantic Yellow Pages directory. The application stated, *inter alia*, that the application "is not an agreement by [Bell Atlantic] to publish my advertising and [Bell Atlantic] may choose not to publish my advertising" and that Bell Atlantic would be bound by the application only when it published the advertisement. The plaintiffs commenced the instant action to recover damages, *inter alia*, for breach of contract and gross negligence after Bell Atlantic failed to publish their advertisement.

The Supreme Court erred in denying Bell Atlantic's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and in granting the plaintiffs' cross motion to amend its complaint to add a cause of action to recover damages for gross negligence. Because the application submitted by the plaintiffs demonstrates that no contract was entered into between the parties, the court should have dismissed the plaintiffs' cause of action to recover damages for breach of contract (*see, Papa v New York Tel. Co.*, 72 NY2d 879, 881). Moreover, the Supreme Court should not have allowed the plaintiff to amend its complaint to add a cause of action for gross negligence because "no duty existing independent of the alleged contract, the breach of which would constitute [gross] negligence, was pleaded" (*Papa*

*v New York Tel. Co., supra,* at 881). Since the existence of a duty is necessary to state a cause of action for gross negligence (*see e.g., Strauss v Belle Realty Co.,* 98 AD2d 424, *affd* 65 NY2d 399), the Supreme Court should have denied the plaintiff's cross motion for leave to serve an amended complaint to assert such a cause of action.

The plaintiffs' remaining contentions are without merit. Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.