■ THOMAS SIMMONS et al., Respondents, v WASHING EQUIPMENT TECHNOLOGIES et al., Appellants. [857 NYS2d 412]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered April 12, 2007. The order denied the motion of defendants to dismiss the amended complaint.

It is hereby ordered that the order so appealed from is

unanimously modified on the law by granting the motion in part and dismissing the fraud cause of action against defendant Washing Equipment Technologies and dismissing the amended complaint against defendant Arthur J. North and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for breach of warranty and fraud arising out of their purchase of equipment used to operate a car washing business. We conclude that Supreme Court properly denied those parts of defendants' motion seeking to dismiss the causes of action for breach of express and implied warranties against defendant Washing Equipment Technologies (WET) for failure to state a cause of action (*see* CPLR 3211 [a] [7]). With respect to the cause of action for breach of express warranty, plaintiffs allege that WET provided them with a brochure published by the manufacturer of the water reclaim unit that contains express warranties. Inasmuch as WET provided that brochure to plaintiffs, WET is liable for the warranties contained therein (*see Silverstein v Macy & Co., Inc.*, 266 App Div 5, 8 [1943]). With respect to the cause of action for breach of implied warranties, it is well settled that a warranty of merchantability is implied in all sales of goods by a merchant that holds itself out as having knowledge or skill relating to such goods (*see* UCC 2-104 [1]; 2-314 [1]). Also, a warranty of fitness for a particular purpose is implied "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods" (UCC 2-315). We conclude that the amended complaint states a cause of action for breach of implied warranties by alleging that WET was a merchant that held itself out as an expert in the field of constructing car washes, that WET was aware that the water reclaim unit was to be used in the operation of a car wash, and that plaintiffs justifiably relied on WET's expertise (*cf. Saratoga Spa & Bath v Beeche Sys. Corp.*, 230 AD2d 326, 330-331 [1997], *lv dismissed* 90 NY2d 979 [1997]; *see generally Blockhead, Inc. v Plastic Forming Co., Inc.*, 402 F Supp 1017, 1024-1025 [1975]).

We agree with defendants, however, that the court erred in denying that part of their motion seeking to dismiss the fraud cause of action against WET for failure to state a cause of action (*see* CPLR 3211 [a] [7]), and we therefore modify the order accordingly. "[T]o properly plead a cause of action for fraud, the essential elements[, i.e., misrepresentation of a material fact, scienter, justifiable reliance, and injury,] must be supported by factual allegations sufficient to satisfy the requirements of

CPLR 3016 (b), . . . [pursuant to which] the circumstances constituting the alleged fraud must be stated in detail" (*Briand Parenteau Assoc. v HMC Assoc.*, 225 AD2d 874, 876 [1996]; *see Sirohi v Lee*, 222 AD2d 222 [1995], *lv dismissed in part and denied in part* 88 NY2d 897 [1996], *rearg denied* 88 NY2d 1018 [1996]). Defendants are correct that plaintiffs failed to satisfy the requirements of CPLR 3016 (b) in this case.

We further agree with defendants that the court erred in denying that part of their motion seeking to dismiss the amended complaint against defendant Arthur J. North, WET's agent, for failure to state a cause of action against him (*see* CPLR 3211 [a] [7]), and we therefore further modify the order accordingly. "When an agent acts on behalf of a disclosed principal, the agent will not be personally liable for a breach of contract unless there is clear and explicit evidence of the agent's intention to be personally bound" (*Weinreb v Stinchfield*, 19 AD3d 482, 483 [2005]). Here, plaintiffs acknowledged that North was a sales representative of WET, and they did not allege that North intended to be personally liable to them (*see id.*). Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.