■ AMERICAN DIABETES ASSOCIATION, Appellant, v ABBEY, MECCA & Co., INC., Respondent. [909 NYS2d 250]—

Memorandum: Plaintiff commenced this breach of contract action, seeking to recover the cost of two full-page advertisements ordered by defendant, an advertising agency. The advertisements were included in a monthly magazine published by plaintiff and featured a product sold by one of defendant's clients, Incline Medical, LLC (Incline). Incline failed to pay for the advertisements following their publication and later became insolvent. Plaintiff did not require payment for the advertisements in advance, and defendant did not sign a guarantee. Supreme Court properly granted the motion of defendant for summary judgment dismissing the complaint on the ground that, in ordering the ads, it was acting as an agent on behalf of a disclosed principal. " 'When an agent acts on behalf of a disclosed principal, the agent will not be personally liable for a breach of contract unless there is clear and explicit evidence of the agent's intention to be personally bound' " (*Simmons v Washing Equip. Tech.*, 51 AD3d 1390, 1392 [2008]). Defendant met its initial burden on the motion by submitting copies of e-mails demonstrating that it made it clear to plaintiff's sales representative that the ads were being ordered on behalf of Incline, and that defendant did not evince an intent to pay for the ads itself.

The burden of proof thus shifted to plaintiff, which failed to raise a triable issue of fact (*see generally id.*). We reject plaintiff's contention that defendant is liable because the insertion order does not explicitly state that defendant was acting on behalf of Incline. Regardless of whether Incline was identified in the insertion order as defendant's principal, the agency relationship between defendant and Incline had previously been disclosed to plaintiff, and nothing in the insertion order suggested otherwise. In fact, the insertion order specifically refers to Incline in the subject line, and the invoices for the advertisements include a "15% [a]gency [d]iscount." Thus, it was clear that an advertising agency was involved in the ordering process. Contrary to plaintiff's further contention, the mere fact that the insertion order identifies defendant as the entity to be invoiced does not constitute " 'clear and explicit evidence' " of the intention of defendant to bind itself (*Simmons*, 51 AD3d at 1392). Present— Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.