■ THOMAS SIMMONS et al., Respondents-Appellants, v WASHING EQUIPMENT TECHNOLOGIES, Appellant-Respondent, et al., Defendant. [912 NYS2d 360]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered February 3, 2009. The order, among other things, denied the cross motion of defendant Washing Equipment Technologies for summary judg-

ment dismissing the remainder of the complaint and for summary judgment on the counterclaim.

It is hereby ordered that the cross appeal is unanimously dismissed and the order so appealed from is modified on the law by granting the cross motion in part and dismissing the breach of warranty causes of action against defendant Washing Equipment Technologies, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for breach of warranty and fraud arising out of their purchase of equipment used to recycle water for a car washing business. On a prior appeal, we modified an order denying defendants' motion to dismiss the amended complaint by granting the motion in part and dismissing the fraud cause of action against Washing Equipment Technologies (defendant) and the amended complaint against defendant Arthur J. North (*Simmons v Washing Equip. Tech.*, 51 AD3d 1390 [2008]). We agree with defendant that Supreme Court erred in denying those parts of its cross motion seeking summary judgment dismissing the breach of warranty causes of action against it, and we therefore modify the order accordingly.

With respect to the cause of action for breach of express warranty, the representation in defendant's brochure that defendant could "provide a solution" for the lack of available sewers on plaintiffs' property is of such a general nature that a reasonable consumer would not rely on it as a statement of fact regarding the water reclaim unit sold to plaintiffs by defendant (*see Anderson v Bungee Intl. Mfg. Corp.*, 44 F Supp 2d 534, 541 [1999]; *see generally Serbalik v General Motors Corp.*, 246 AD2d 724, 725-726 [1998]). Defendant also submitted evidence in support of the cross motion establishing that the water reclaim unit "remove[d] all particles above 5 micron and clean[ed] the water" to be used in the car wash and, when properly maintained, "treat[ed] 100% of the waste car wash water recovered for re-use" as asserted in the manufacturer's brochure (*see generally Simmons*, 51 AD3d at 1391; *Silverstein v Macy & Co., Inc.*, 266 App Div 5, 8 [1943]). With respect to the cause of action for breach of implied warranty, defendant submitted evidence in support of its cross motion establishing that the water reclaim unit sold to plaintiffs was suitable for their particular purpose, i.e., use for a car wash in a high salt area (*see generally Saratoga Spa & Bath v Beeche Sys. Corp.*, 230 AD2d 326, 330-331 [1997], *lv dismissed and lv denied* 90 NY2d 979 [1997]). We thus conclude that defendant established its entitlement to judgment as a matter of law dismissing the breach of warranty

causes of action against it (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition to defendant's cross motion, plaintiffs appear to concede that defendant is entitled to judgment as a matter of law dismissing the breach of warranty causes of action against it except insofar as the alleged breach of express warranty was based upon the assurance by defendant that it could "provide a solution" for the lack of available sewers on plaintiffs' property. In any event, we conclude that plaintiffs failed to raise a triable issue of fact in opposition to the cross motion with respect to either of the causes of action for breach of warranty (*see generally id.*).

Contrary to the further contention of defendant, however, we conclude that the court properly denied that part of its cross motion seeking summary judgment on the counterclaim, inasmuch as defendant failed to establish its entitlement to judgment as a matter of law with respect thereto (*see generally id.*). Finally, plaintiffs are not aggrieved by the order, and thus their cross appeal is dismissed (*see Weichert v Shea*, 186 AD2d 992 [1992]; *see generally* CPLR 5511). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.