■ Nuevo El Barrio Rehabilitación de Vivienda y Economía, Inc., Respondent, v Moreight Realty Corp. et al., Defendants, and Dunwell Los Tres, Inc., Appellant. Nuevo El Barrio Rehabilitación de Vivienda y Economía, Inc., Respondent-Appellant, v Moreight Realty Corp. et al., Appellants-Respondents, et al., Defendants. [928 NYS2d 510]—

The first cause of action in the original complaint alleged that a June 18, 1981 agreement between plaintiff, Moreight, and nonparty Harlem Urban Development Corp. (the June 18 agreement) was void due to failure to comply with Not-For-Profit Corporation Law §§ 510 and 511. On appeal, plaintiff contends that the partnership agreements of Los Tres and the conversion of plaintiff's general partnership interest in Los Tres into a limited partnership interest were also void for the same reason. This issue is academic because the amended complaint, which supersedes the original complaint, does not seek to void the agreements and conversion (see O'Ferral v City of New York, 8 AD3d 457, 459 [2004]). Furthermore, plaintiff may not void the June 1981 agreement and partnership agreements while asserting rights under them (see 328 Owners Corp. v 330 W. 86 Oaks

*Corp.*, 8 NY3d 372, 383 [2007] [a party "cannot retain what is beneficial in the transaction, while disclaiming what is onerous" (internal quotation marks omitted)]).

The second through sixth causes of action in the original complaint and the first through third causes of action in the amended complaint should have been dismissed. Plaintiff's right of first refusal, which is contained in the June 18 agreement and the amended and restated agreement of limited partnership of Los Tres (amended partnership agreement), is triggered when Los Tres "determines to sell the Project" and "receives a bona fide offer to purchase the Project." Supreme Court's determination on a prior motion that the right of first refusal is ambiguous does not bind us (*see e.g. Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]). In any event, Supreme Court did not find that the word "Project" was ambiguous but, rather, that other terms in the right of first refusal were ambiguous. The term "Project" is clearly and unambiguously defined in both the June 18 agreement and the amended partnership agreement. Thus, the motion court erred in considering extrinsic evidence such as the conduct of the parties (*see e.g. South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 278 [2005]).

The sale of stock of Moreight—Los Tres's general partner—does not constitute a sale of the project (*see e.g. 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 323 [1984]) and therefore did not trigger plaintiff's right of first refusal (*see Torrey Delivery v Chautauqua Truck Sales & Serv.*, 47 AD2d 279 [1975]). Plaintiff may not rely on a land disposition agreement (LDA), to which it is not a party and of which it is not a third-party beneficiary (*see Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786-787 [2006]), to contradict the clear and unambiguous terms of the June 18 agreement and amended partnership agreement.

The seventh cause of action in the original complaint and the fourth cause of action in the amended complaint are asserted against Moreight only; these causes of action allege breaches of the June 18 agreement, Los Tres's partnership agreements, the LDA, and the covenant of good faith and fair dealing. Plaintiff may not raise any breaches that occurred more than six years before it commenced this action (*see* CPLR 213 [2]), and it lacks standing to assert claims under the LDA because it is neither a party thereto nor a third-party beneficiary thereof (*see Mendel v Henry Phipps Plaza W., Inc.*, 16 AD3d 112, 113 [2005], *affd* 6 NY3d 783 [2006]). Although Moreight failed to make these arguments below, a purely legal argument may be considered for the first time on appeal (*see e.g. Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]).

Moreight's argument that plaintiff had no right to be consulted is unavailing; section 8 of the June 18 agreement states, "Moreight shall keep [plaintiff] advised with respect to management policies and decisions and shall seek [plaintiff]'s advice with respect thereto. Moreight will arrange to have meetings with representatives of [plaintiff] at least quarterly." The issue of whether plaintiff waived its rights under section 8 is not suited to summary disposition (*see Alsens Am. Portland Cement Works v Degnon Contr. Co.*, 222 NY 34, 37 [1917]).

The allegations in the amended complaint that Dunwell breached the June 18 agreement and amended partnership agreement should be stricken. Dunwell is not a signatory to either agreement. Thus, "no cause of action for breach of contract can be asserted against" it (*Balk v 125 W. 92nd St. Corp.*, 24 AD3d 193, 193 [2005]).

While it is true that Dunwell was Moreight's sole shareholder from November 23, 2004 to September 9, 2005, there is no reason to pierce Moreight's corporate veil; the record contains no evidence that Dunwell "exercised complete domination of [Moreight] in respect to the transaction attacked" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]) or that Dunwell "through [its] domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against [plaintiff] such that a court in equity will intervene" (*id.* at 142). "An inference of abuse does not arise . . . where a corporation was formed for legal purposes or is engaged in legitimate business" (*TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339-340 [1998]). Moreight was formed for legal purposes and was engaged in a legitimate business.

Contrary to plaintiff's contention, it is not necessary to hold a trial before deciding whether the corporate veil should be pierced (*see e.g. East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 16 NY3d 775, 776 [2011] [affirming dismissal of alter ego claim]).

In light of the above disposition, we need not reach the parties' remaining arguments. Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ. **[Prior Case History: 26 Misc 3d 1225(A), 2009 NY Slip Op 52748(U).]**