■ RANDALL'S ISLAND AQUATIC LEISURE, LLC, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [938 NYS2d 62]—

Defendant New York City Economic Development Corporation (EDC) and plaintiffs Aquatic Development Group, Inc. (ADG) and Recreation Development, Inc. (RDI) are not signatories to the "Waterpark Concession Agreement" between plaintiff Randall's Island Aquatic Leisure, LLC (RIAL) and the City (through the Department of Parks and Recreation), which governs this dispute. Thus, ADG and RDI are not proper plaintiffs, and EDC is not a proper defendant, which alone is a sufficient ground on which to dismiss the complaint as against it. There can be no breach of contract claim against a non-signatory to the contract (*Nuevo El Barrio Rehabilitación de Vivienda y Economía, Inc. v Moreight Realty Corp.*, 87 AD3d 465, 467 [2011]). There can be no claim of breach of the implied covenant of good faith and fair dealing without a contract (*American-European Art Assoc. v Trend Galleries*, 227 AD2d

170, 171 [1996]). And there can be no quasi-contract claim against a third-party non-signatory to a contract that covers the subject matter of the claim (*Bellino Schwartz Padob Adv. v Solaris Mktg. Group*, 222 AD2d 313, 313 [1995]).

The breach of contract claim against the City for terminating the agreement to build a recreation center fails because plaintiffs did not comply with the obligation to obtain financing. Plaintiffs' allegation of a course of conduct and oral promises extending their financing deadlines is belied by the record, which demonstrates that all extensions granted by the City were in writing, and reserved to the City all of its rights under the agreement, including the right to terminate if plaintiffs failed to meet certain financing conditions. Obtaining loan commitments by a date certain was a contractual obligation. Plaintiffs failed to meet the condition, and the City terminated the agreement. Thus, the breach of contract claim was correctly dismissed as against it (*see Jericho Group, Ltd. v Midtown Dev., L.P.*, 32 AD3d 294, 298 [2006]). The good faith and fair dealing claim fails because the City's termination of the agreement was consistent with the agreement's express terms (*Phoenix Capital Invs. LLC v Ellington Mgt. Group, L.L.C.*, 51 AD3d 549, 550 [2008]). The promissory estoppel claims fail because the statement that "possible loans" were being "considered" is not an allegation of clear and unambiguous promises upon which plaintiffs could reasonably have relied (*see New York City Health & Hosps. Corp. v St. Barnabas Hosp.*, 10 AD3d 489, 491 [2004]). The estoppel claims fail for the additional reason that they do not allege "dut[ies] independent of the agreement" (*see Celle v Barclays Bank P.L.C.*, 48 AD3d 301, 303 [2008]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Catterson, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 31934(U).]**