■ Michael Amalfitano, Individually and on Behalf of All Others Similarly Situated, Appellant, v NBTY, Inc., et al., Respondents. [9 NYS3d 352]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Pfau, J.), dated March 25, 2013, which

granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff brought this putative class action based on the defendants' alleged act of deception involving an online business promotion. In the promotion, the defendants offered to provide to visitors to their website who entered their email address a $1 coupon toward the purchase of their products and further promotional materials. The plaintiff asserts that he and other visitors to the defendants' website—prospective class members—provided their email address to the defendants in response to this promotion, but did not receive the $1 coupon promised by the defendants. The complaint alleges causes of action seeking damages for breach of contract and based on General Business Law § 349.

The Supreme Court properly granted the defendants' cross motion for summary judgment. An advertisement for the sale of goods generally does not constitute an "offer" (*see Leonard v Pepsico, Inc.*, 88 F Supp 2d 116, 122-123 [SD NY 1999], *affd* 210 F3d 88 [2d Cir 2000]). In order for an advertisement for the sale of goods to constitute an "offer," "it must be plain and clear enough to establish the intended terms of the proposed contract" (*Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88, 104 [2009]; *see S.S.I. Invs. v Korea Tungsten Min. Co.*, 80 AD2d 155, 161 [1981], *affd* 55 NY2d 934 [1982]).

Here, the defendants made a prima facie showing that the online promotion did not constitute an offer. Rather, it constituted only an invitation for offers, in light of the fact that the promotion expressly stated that the supply of coupons was "limited." In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, extrinsic evidence was not admissible to interpret the promotional materials under the circumstances herein (*see A. Gugliotta Dev., Inc. v First Am. Tit. Ins. Co. of N.Y.*, 112 AD3d 559, 561 [2013]). The record thus showed as a matter of law that the promotion did not create the power of acceptance for consumers and, consequently, no unilateral contract was formed (*see Papa v New York Tel Co.*, 72 NY2d 879 [1988]; *East Meadow Driving School v Bell Atl. Yellow Pages Co.*, 273 AD2d 270 [2000]). Therefore, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the breach of contract cause of action.

Further, in light of the proof that no contract existed, there is no merit to the plaintiff's contention that the evidence raised triable issues of fact as to breach of the covenant of good faith

and fair dealing (*see generally Lonner v Simon Prop. Group, Inc.*, 57 AD3d 100, 108 [2008]).

The Supreme Court properly awarded summary judgment dismissing the plaintiff's General Business Law § 349 cause of action. General Business Law § 349 "declares as unlawful '[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state,' with no further elaboration of the prohibited conduct" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 24 [1995]). A private action to recover damages under General Business Law § 349 "must be predicated on a deceptive act or practice that is 'consumer oriented' " (*Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999], quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 25).

In addition to showing that the conduct was consumer oriented, "[a] prima facie case requires . . . a showing that [the] defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 25). "Whether a representation or an omission, the test is whether the allegedly deceptive practice is 'likely to mislead a reasonable consumer acting reasonably under the circumstances' " (*Wilner v Allstate Ins. Co.*, 71 AD3d 155, 165 [2010], quoting *Oswego Laborers' Local 214 Pension Fund*, 85 NY2d at 26; *see David v #1 Mktg. Serv., Inc.*, 113 AD3d 810, 811-812 [2014]). A plaintiff must also show that he or she suffered an actual injury, as a result of the deceptive act or practice (*see Stutman v Chemical Bank*, 95 NY2d 24, 29 [2000]; *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 25; *Air & Power Transmission, Inc. v Weingast*, 120 AD3d 524 [2014]).

Here, the defendants do not dispute that the subject transaction was "consumer-oriented" within the meaning of General Business Law § 349. However, the defendants demonstrated, prima facie, that the subject promotion was not materially deceptive, in light of the disclaimer language, and the plaintiff raised no triable issue of fact in opposition to that showing (*see Beneficial Homeowner Serv. Corp. v Williams*, 113 AD3d 713, 714-715 [2014]; *Lum v New Century Mtge. Corp.*, 19 AD3d 558, 559 [2005]).

In any event, the defendants also showed, prima facie, that the plaintiff did not suffer any "actual injury," for purposes of the General Business Law § 349 cause of action. To recover

damages under General Business Law § 349, a plaintiff need not prove intent to defraud or justifiable reliance (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43, 55 [1999]). However, the plaintiff "must prove actual injury, though not necessarily pecuniary harm" (*Smith v Chase Manhattan Bank, USA*, 293 AD2d 598, 599 [2002]; *see Stutman v Chemical Bank*, 95 NY2d at 29). The plaintiff may not "set[ ] forth deception as both act and injury" (*Small v Lorillard Tobacco Co.*, 94 NY2d at 56). Here, the record showed as a matter of law that the plaintiff suffered no actual injury, apart from the alleged deceptive act itself (*see Small v Lorillard Tobacco Co.*, 94 NY2d at 56; *Ballas v Virgin Media, Inc.*, 60 AD3d 712, 713 [2009]; *Baron v Pfizer, Inc.*, 42 AD3d 627, 629 [2007]; *Smith v Chase Manhattan Bank, USA*, 293 AD2d at 599). Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.