■ WOMEN'S INTERART CENTER, INC., Appellant, v NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION et al., Respondents. WOMEN'S INTERART CENTER, INC., Appellant, v CLINTON HOUSING DEVELOPMENT FUND CORP., Respondent. [17 NYS3d 405]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered May 19, 2014, which, insofar as appealed from as limited by the briefs, granted the city defendants' motion for summary judgment dismissing the causes of action for breach of contract and tortious interference with contract, and granted defendant Clinton Housing Development Fund Corp.'s motion for a judgment of possession and a warrant of eviction against plaintiff in a landlord-tenant proceeding previously consolidated with these actions, and remanded this and other related holdover proceedings to Civil Court for further proceedings, unanimously affirmed, without costs.

The court correctly dismissed the breach of contract claim upon the finding that defendant New York City Economic Development Corporation (EDC) had valid grounds to terminate the agreement, i.e., that plaintiff did not comply with its obligation to demonstrate sufficient financing by the closing date, and since EDC's termination of the agreement on this

basis was consistent with the express terms of the agreement, a claim for breach of the covenant of good faith and fair dealing is not viable (*see Randall's Is. Aquatic Leisure, LLC v City of New York*, 92 AD3d 463, 464 [1st Dept 2012], *lv denied* 19 NY3d 804 [2012]). Given the valid basis for EDC's termination of the agreement, there was no "actual breach" and therefore no viable claim for tortious interference against the other city defendants (*see Alavian v Zane*, 101 AD3d 475, 476 [1st Dept 2012], *lv denied* 21 NY3d 862 [2013]).

The court correctly determined that plaintiff has no valid defense against the claim for judgment of possession in the landlord-tenant proceeding under appeal. Nor does plaintiff present any compelling basis for staying the ordered eviction. Accordingly, the court properly resolved the issues in that proceeding and remanded the holdover proceedings to Civil Court for further disposition. Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.