■ BRETT ZORSE, Respondent, v ERIC GITTER, Individually and as Officer of CHICKIE THE COP ENTERTAINMENT, et al., Appellants. [21 NYS3d 39]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 25, 2014, which, to the extent appealed from, denied defendants' motion to dismiss the causes of action for unjust enrichment and fraudulent conveyance pursuant to Debtor and Creditor Law § 273, unanimously reversed, on the law, without costs and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Plaintiff alleges that on November 14, 2007, he transferred $300,000 to the account of defendant Chickie the Cop Entertainment, Inc., to be used to produce a film called Seasons of Dust, and that the money was used, instead, for the personal benefit of the Gitter defendants, who were officers of Chickie. Defendants contend that plaintiff actually loaned the $300,000 to another entity, nonparty Markowitz Films, Inc. In support of their motion to dismiss, defendants submitted a letter written by plaintiff to Markowitz in which he referred to a $300,000 loan he had made to Markowitz pursuant to terms clearly defined in a contract signed by both parties. Defendants also submitted documents evidencing a separate agreement, dated

November 15, 2007, between Markowitz and Seasons of Dust, LLC (to be signed by Chickie as its managing member), in which Markowitz agreed to lend a total of $1 million, secured by promissory notes of $300,000 and $700,000, to finance the film. In opposition, plaintiff did not deny, or address, the existence of a signed loan agreement between himself and Markowitz or a separate loan agreement between Markowitz and Seasons of Dust, LLC. In reply, defendants submitted a copy of a complaint filed by plaintiff in New York Supreme Court against Markowitz, which annexed a fully executed copy of the loan agreement between plaintiff and Markowitz and the promissory note executed by Markowitz.

Under the circumstances, the loan agreement between plaintiff and Markowitz and the promissory note executed by Markowitz, although submitted by defendants in reply, may be considered on their motion. Plaintiff does not dispute that he entered into an agreement with Markowitz to loan him $300,000, and he does not object to this Court's considering the executed loan documents, which were annexed to his complaint against Markowitz.

This documentary evidence conclusively establishes a defense to the causes of action for unjust enrichment and fraudulent conveyance pursuant to the Debtor and Creditor Law, since it demonstrates that the transaction underlying the unjust enrichment cause of action was covered by a written agreement (*see Randall's Is. Aquatic Leisure, LLC v City of New York*, 92 AD3d 463, 464 [1st Dept 2012], *lv denied* 19 NY3d 804 [2012]) and that plaintiff is not a creditor of defendants (*see* Debtor and Creditor Law §§ 270, 273).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Richter and Manzanet-Daniels, JJ.