■ Jill S. Meyer, M.D., Appellant, v North Shore-Long Island Jewish Health System, Inc., et al., Respondents, et al., Defendants. [27 NYS3d 77]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated February 27, 2014, as granted the motion of the defendants North Shore-Long Island Jewish Health System, Inc., North Shore University Hospital, Staten Island University Hospital, Forest Hills Hospital, Franklin Hospital, Samuel Packer, John Kane, Blaine Greenwald, Anthony C. Ferreri, Mark Jarrett, William Daley, Michael Drew, Gerard Brogan, Sharma Rasool, and Jack Rubenstein pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

After the plaintiff's privileges as a staff psychiatrist at the defendant North Shore University Hospital were terminated, the plaintiff commenced this action against, among others, North Shore-Long Island Jewish Health System, Inc., North Shore University Hospital, Staten Island University Hospital, Forest Hills Hospital, Franklin Hospital, Samuel Packer, John Kane, Blaine Greenwald, Anthony C. Ferreri, Mark Jarrett, William Daley, Michael Drew, Gerard Brogan, Sharma Rasool, and Jack Rubenstein (hereinafter collectively the North Shore defendants) to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, and tortious interference with economic relations. As relevant to this appeal, the North Shore defendants moved pursuant to CPLR 3211 (a) (1), (2) and (7) to dismiss the complaint insofar as asserted against them. The Supreme Court granted dismissal on the ground of lack of subject matter jurisdiction pursuant to CPLR 3211 (a) (2).

The Supreme Court improperly granted the North Shore defendants' motion on the ground of lack of subject matter jurisdiction pursuant to CPLR 3211 (a) (2). In this regard, the court concluded that it lacked subject matter jurisdiction because the plaintiff had failed to exhaust administrative

remedies with the Public Health Council pursuant to Public Health Law § 2801-b. However, inasmuch as the plaintiff does not seek the reinstatement or the enlargement of any hospital privileges, she was not required to present her claims to the Public Health Council in the first instance (*see* Public Health Law § 2801-b; *Chime v Sicuranza*, 221 AD2d 401, 402 [1995]; *Gelbard v Genesee Hosp.*, 211 AD2d 159 [1995], *affd* 87 NY2d 691 [1996]).

However, as alternative grounds for dismissal of the complaint, the North Shore defendants argued that the complaint should be dismissed pursuant to CPLR 3211 (a) (1) and (7). Although the Supreme Court did not address these alternative grounds, we address them now in the interest of judicial economy, since they were argued before the Supreme Court and were briefed by the parties before us (*see Barone v Barone*, 130 AD3d 765, 767 [2015]; *Nolan v Irwin Contr., Inc.*, 121 AD3d 1060, 1062 [2014]).

"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211 (a) (1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]). Here, with regard to the causes of actions to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with contract, the documentary evidence submitted by the North Shore defendants in support of their motion utterly refuted the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law.

The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (*see El-Nahal v FA Mgt., Inc.*, 126 AD3d 667, 668 [2015]; *Dee v Rakower*, 112 AD3d 204, 208-209 [2013]; *Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc.*, 84 AD3d 122, 127 [2011]). The North Shore defendants conclusively established that the Medical Staff Bylaws relied upon by the plaintiff did not constitute a valid contract (*see Mason v Central Suffolk Hosp.*, 3 NY3d 343 [2004]). Thus, the cause of action to recover damages for breach of contract must be dismissed pursuant to CPLR 3211 (a) (1). Similarly, in the absence of a valid contract, dismissal of the causes of action to recover damages for breach of the implied covenant of good

faith and fair dealing and tortious interference with a contract is warranted (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Amalfitano v NBTY, Inc.*, 128 AD3d 743, 744-745 [2015]; *Randall's Is. Aquatic Leisure, LLC v City of New York*, 92 AD3d 463, 463 [2012]).

Moreover, with regard to the cause of action to recover damages for tortious interference with economic relations, the plaintiff's vague and conclusory factual allegations do not state a cause of action, and thus, dismissal of that cause of action pursuant to CPLR 3211 (a) (7) was warranted (*see Wharry v Lindenhurst Union Free School Dist.*, 65 AD3d 1035, 1037 [2009]; *Jacobs v Continuum Health Partners*, 7 AD3d 312, 313 [2004]).

Accordingly, dismissal of the complaint was properly granted insofar as asserted against the North Shore defendants. Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.