Aracena v BMW of N. Am., LLC (2018 NY Slip Op 01447)





Aracena v BMW of N. Am., LLC


2018 NY Slip Op 01447


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-10729
 (Index No. 2523/12)

[*1]Guillermo Aracena, appellant, 
v
BMW of North America, LLC, respondent.


Alan D. Glassman, Lynbrook, NY, for appellant.
Biedermann Hoenig Semprevivo, P.C., New York, NY (Philip C. Semprevivo, Justin A. Guilfoyle, and Christopher R. Confrey of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered July 20, 2015. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff purchased a 2008 BMW 335i (hereinafter the vehicle) from an authorized dealer of the defendant, BMW of North America, LLC, on April 25, 2008. The vehicle came with a "Service and Warranty Information" booklet setting forth certain limited warranties, which were effective for four years or 50,000 miles. The vehicle ultimately necessitated a number of warrantied repairs during the coverage period and was the subject of a repair recall. The plaintiff thereafter commenced this action against the defendant, asserting causes of action, inter alia, to recover damages for breach of written and implied warranties pursuant to the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act (15 USC § 2301 et seq.; hereinafter the Act) and alleging a violation of General Business Law § 349. Following discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging breach of written warranty under the Act. "[T]he Act permits a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty, implied warranty, or service contract,' to sue warrantors for damages and other relief in any court of competent jurisdiction'" (DiCintio v DaimlerChrysler Corp., 97 NY2d 463, 469, quoting 15 USC § 2310[d][1]). A cause of action alleging breach of an express warranty requires evidence that the defendant breached a specific representation made by a manufacturer regarding a product upon which the purchaser relied (see CBS Inc. v Ziff-Davis Publ. Co., 75 NY2d 496, 503; Cecere v Zep Mfg. Co., 116 AD3d 901, 902; Arthur Glick Leasing, Inc. v William J. Petzold, Inc., 51 AD3d 1114, 1116). Here, the defendant established, prima facie, that it performed all warrantied repairs in accordance with the terms of the warranty, and that it did not otherwise breach any specific representation contained in the warranty (see Cecere v Zep Mfg. Co., 116 AD3d at 902). In [*2]opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the plaintiff's contention, the defendant's promotional slogan, "The Ultimate Driving Machine," is not a specific representation regarding the vehicle upon which he could rely (see Simmons v Washing Equip. Tech., 78 AD3d 1645, 1646; Nigro v Lee, 63 AD3d 1490, 1492; Serbalik v General Motors Corp., 246 AD2d 724; Anderson v Bungee Intl. Mfg. Corp., 44 F Supp 2d 534, 541 [SD NY]).
The Supreme Court also properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging breach of implied warranties. "[N]o implied warranty will extend from a manufacturer to a remote purchaser not in privity with the manufacturer where only economic loss and not personal injury is alleged" (Lexow & Jenkins v Hertz Commercial Leasing Corp., 122 AD2d 25, 26; see Arthur Jaffee Assoc. v Bilsco Auto Serv., 58 NY2d 993, 995; Catalano v Heraeus Kulzer, Inc., 305 AD2d 356). Here, the defendant established, prima facie, that it was not in privity with the plaintiff (see Arthur Jaffee Assoc. v Bilsco Auto Serv., 58 NY2d at 995; Cecere v Zep Mfg. Co., 116 AD3d at 903). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Moreover, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of General Business Law § 349. "Section 349(a) of the General Business Law declares as unlawful [d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state'" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 24, quoting General Business Law § 349[a]). A cause of action under General Business Law § 349 requires evidence that " a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice'" (Koch v Acker, Merrall & Condit Co., 18 NY3d 940, 941, quoting City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616, 621; see Stutman v Chemical Bank, 95 NY2d 24, 29; Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25; Amalfitano v NBTY, Inc., 128 AD3d 743, 745). The defendant's submissions established, prima facie, that it did not engage in consumer-oriented acts or practices that were deceptive or misleading in a material way (cf. Amalfitano v NBTY, Inc., 128 AD3d 743). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court