Meyer v New York-Presbyterian Hosp. Queens (2018 NY Slip Op 08923)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Meyer v New York-Presbyterian Hosp. Queens

2018 NY Slip Op 08923

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-05433
(Index No. 711059/16)

[*1]Jill S. Meyer, etc., appellant, 
vNew York-Presbyterian Hospital Queens, etc., et al., respondents.

Wolin & Wolin, Jericho, NY (Alan E. Wolin of counsel), for appellant.
Nixon Peabody LLP, Jericho, NY (Michael S. Cohen and Christopher J. Porzio of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), dated April 5, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
After the plaintiff's privileges as a staff psychiatrist at the defendant New York-Presbyterian Hospital Queens (hereinafter the hospital) were not extended, the plaintiff commenced this action against, among others, the hospital and various hospital administrators to recover damages for, inter alia, breach of contract and breach of the implied covenant of good faith and fair dealing. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the causes of action as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996). In order for evidence to qualify as documentary, it must be unambiguous, authentic, and undeniable (see Granada Condominium III Assn. v Palomino, 78 AD3d at 996-997). The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see El-Nahal v FA Mgt., Inc., 126 AD3d 667, 668; Dee v Rakower, 112 AD3d 204, 208-209). The defendants conclusively established that the medical staff bylaws relied upon by the plaintiff did not constitute a valid contract (see Mason v Central Suffolk Hosp., 3 NY3d 343; Meyer v North Shore-Long Is. Jewish Health Sys., Inc., 137 AD3d 878). Thus, we agree with the Supreme Court's determination to grant dismissal of the cause of action to recover damages for breach of contract pursuant to CPLR 3211(a)(1). Similarly, in the absence of a valid contract, dismissal of the cause of action to recover damages for breach of the implied covenant of good faith and fair dealing was warranted (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424; Meyer v North Shore-Long Island Jewish Health Sys., Inc., 137 AD3d [*2]878; Amalfitano v NBTY, Inc., 128 AD3d 743; Randall's Is. Aquatic Leisure, LLC v City of New York, 92 AD3d 463, 463).
The plaintiff's remaining contentions are without merit.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court